ACCEPTED
04-14-00372-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/20/2015 2:46:55 PM
KEITH HOTTLE
CLERK

**NO. 04-14-00372-CR and 04-14-00370-CR**

**IN THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

2/20/2015 2:46:55 PM

KEITH E. HOTTLE
Clerk

——————————————————————

**ANDRES RAMON JUAREZ,**
*Appellant*

**v.**

**THE STATE OF TEXAS,**
*Appellee*

——————————————————————

**ON APPEAL FROM THE 175th JUDICIAL DISTRICT COURT
OF BEXAR COUNTY, TEXAS
CAUSE NUMBERS 2013CR0936B and 2013CR0937B**

——————————————————————

**BRIEF FOR THE STATE**
——————————————————————

**NICHOLAS "NICO" LAHOOD**
**Criminal District Attorney**
**Bexar County, Texas**

**LAUREN A. SCOTT**
**Assistant Criminal District Attorney**
**Bexar County, Texas**
**Paul Elizondo Tower**
**101 W. Nueva Street**
**San Antonio, Texas 78205**
**Phone: (210) 335-2885 Email: lscott@bexar.org**
**State Bar No. 24066843**

**Attorneys for the State of Texas**

# IDENTITY OF PARTIES AND COUNSEL

**TRIAL COURT**             **Honorable Mary Roman**

**APPELLANT**             **Andres Ramon Juarez**

**APPELLANT'S**
**TRIAL ATTORNEY**             **Marvin Zimmerman**
State Bar No: 22271000
P.O. Box 760468
San Antonio, TX 78246
(210) 494-1919

**APPOINTED ATTORNEY**
**ON APPEAL**             **Richard Dulany**
Public Defender's Office
(Has filed motion to withdraw)

**TRIAL STATE'S**
**ATTORNEY**             **Jason Garrahan**
State Bar No. 24045920
**Emily (McCready) Angulo**
State Bar No. 24010707

**APPELLATE STATE'S**
**ATTORNEY**             **Lauren A. Scott**
State Bar No. 24066843
Assistant Criminal District Attorney
Paul Elizondo Tower
101 W. Nueva Street
San Antonio, Texas 78205
(210) 335-2885
Email: lscott@bexar.org

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ................................................... ii

TABLE OF CONTENTS .................................................................... iii

INDEX OF AUTHORITIES ................................................................. iv

BRIEF FOR THE STATE .................................................................. 1

STATEMENT OF THE CASE .............................................................. 1

STATEMENT OF FACTS ................................................................... 2

SUMMARY OF THE ARGUMENT ........................................................ 4

There is no evidence in the record to support appellant's allegations that he received ineffective assistance of counsel.

ARGUMENT ................................................................................. 4

SUMMARY OF STATE'S CROSS POINT ON APEAL ............................. 7

The trial court should not have granted Juarez's request to appeal because his waiver was made voluntarily, knowingly, and intelligently.

STATE'S CROSS POINT ON APPEAL ...................................................... 7

PRAYER ...................................................................................... 10

CERTIFICATE OF COMPLIANCE AND SERVICE ................................. 11

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009) ...................... 8

*Ex parte Delaney*, 207 S.W.3d 794 (Tex. Crim. App. 2006) ......................... 8

*Jackson v. State*, 973 S.W.2d 954 (Tex. Crim. App. 1998) ........................... 5

*Marsh v. State,* 444 S.W.3d 654 (Tex. Crim. App. 2014) .............................. 7

*Mendez v. State*, 138 S.W.3d 334 (Tex. Crim. App. 2004) ............................ 6

*Monreal v. State*, 99 S.W. 3d 615 (Tex. Crim. App. 2003) ............................ 8

*Moreno v. State*, 721 S.W.2d 295 (Tex. Crim. App. 1986) ............................ 7

*Strickland v. Washington*, 466 U.S. 668 (1984) ............................................. 4

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999) ........................ 4, 5

**Statutes**

Tex. Code Crim. Proc. Ann. Art. 1.13 (West 2005) ....................................... 8

Tex. Penal Code Ann. § 12.42(c)(1) ............................................................... 8

Tex. Penal Code Ann. § 29.03 (West 2011) .................................................... 2

**NO. 04-14-00372-CR and 04-14-00370-CR**

| ANDRES RAMON JUAREZ | § | IN THE FOURTH DISTRICT |
|---|---|---|
| | § | |
| | § | |
| VS. | § | COURT OF APPEALS |
| | § | |
| | § | |
| STATE OF TEXAS | § | SAN ANTONIO, TEXAS |

## BRIEF FOR THE STATE

To the Honorable Fourth Court:

Now comes, Nicholas "Nico" LaHood, Criminal District Attorney of Bexar County, Texas, and files this brief for the State.

## STATEMENT OF THE CASE

On January 31, 2013, two indictments were filed, charging appellant with three different aggravated robberies, all of which occurred on the same day against three different people. (0936B C.R. at 4 and 0937B C.R. at 4-5); *See* Tex. Penal Code Ann. § 29.03 (West 2011). On February 10, 2014, Juarez signed a jury waiver and pled no contest to charges against him. (0936B C.R. at 22 and 0937B C.R. at 23). He also signed judicial confessions to three charges of aggravated robbery. (0936B C.R. at 24 and 0937B C.R. at 25). As a part of the jury waiver and plea process, Juarez agreed and pled true to his previous felony and to the deadly weapon allegations. (0936B C.R. at 22 and 0937B C.R. at 23) and (3 R.R. at 5). At the end of the plea, the trial court found Juarez guilty and reset the case

for a sentencing hearing to be determined by the trial court. (2 R.R. at 7-8). On April 28, 2014, the trial court sentenced Juarez to 45 years in the Texas Department of Correction—Institutional Division. (0936B C.R. at 76-77 and 0937B C.R. at 72-73).

On the same day as the plea, the trial court found Juarez did not have a right to appeal because the case was a result of a plea bargain and he waived his right to appeal. (0936B C.R. at 67 and 0937B C.R. at 63). But on May 14, 2014, Juarez filed a Notice of Appeal, and requested permission to appeal, which the trial court granted. (0936B C.R. at 78, 86 and 89; 0937B C.R. at 76, 84 and 87). Appellate counsel was appointed and filed a motion to withdraw and brief in support showing that Juarez had no meritorious issues for review. Shortly after, Juarez filed a Pro Se Brief alleging he received ineffective assistance of counsel. This State's brief responds to those allegations.

## STATEMENT OF FACTS

The State challenges the factual assertions contained in appellant's brief. *See* TEX. R. APP. P. 38.2(a)(1)(B). The appellant plead guilty to two charges of aggravated robbery on February 10, 2014. (2 R.R. at 6). The State offered exhibits in support of each of the charges against Juarez, the defense attorney did not object, and the trial court admitted the exhibit into evidence. (2 R.R. at 7). The State's evidence contained the police reports and the victims' statements which summarized Juarez's actions on November 26, 2012. (0936B C.R. at 27-59 and

2

0937B C.R. at 27-56).[1]  The following fact summary comes from those documents admitted into evidence at the plea.

On November 26, 2012, Juarez held three individuals at gun point and demanded money.  The first two victims were William and Rebecca Murillo.  The couple was at home when Juarez pulled a gun out on William and demanded money.  Juarez then held a gun on Rebecca as William went in their house and got some money.  William gave Juarez $40, and he left with his accomplices.  Luckily no one was hurt, but Rebecca and William both believed they were going to die that afternoon at the hands of Juarez.  (0937B C.R. at 51-53).

A couple of hours later, Juarez and his associates went to their third victim's home,  and approached Stephen Dobles and his neighbor, Karmin San Martin, who were both putting out their trash cans.  They told Stephen a story about needing money for gas, but when Stephen told them he did not have any money, they quickly pulled a gun out and ordered him to his knees.  As the men were focused on Stephen, Karmin ran and locked herself in her house.  Then Juarez and the others became distracted with looking for Karmin, which gave Stephan a chance to get away.  As he stepped into his home, he heard his storm door shatter and he realized he had been shot.  (0936B C.R. at 52-54).

---

[1] The State's exhibits from the pleas are found in the Court's files, attached to the jury waiver and plea paperwork.

## SUMMARY OF THE ARGUMENT

There is no evidence in the record to support appellant's allegations that he received ineffective assistance of counsel.

## ARGUMENT

In the pro se motion, appellant claims he received ineffective assistance of counsel for the following reasons: 1) Counsel failed to properly advise Juarez on the jury waiver and the guilty plea 2) Counsel failed to have Juarez examined for competency to stand trial  and 3) Counsel failed to file a motion to quash the State's indictments.

The law regarding the review of a trial counsel's effectiveness is well settled.  To establish ineffective assistance of counsel, the appellant must show:  1) that defense counsel's assistance fell below an objective professional standard of reasonableness and 2) that counsel's actions prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  In order to show prejudice, an appellant must prove by a preponderance of the evidence that "but for counsel's unprofessional error, the result of the proceeding would have been different." *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

When reviewing an ineffective assistance claim, a court "looks to the totality of the representation and the particular circumstances of each case." *Thompson*, 9 S.W.3d at 813.  There is a strong presumption that defense counsel's conduct fell

4

within the wide range of reasonable professional assistance. *Id.* To defeat this presumption, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* at 814 (quoting, *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)).

There is no evidence in the record to support Juarez's allegations of ineffective assistance of counsel. This case was the result of Juarez pleading no contest to the charges against him and there is nothing on the record to support a finding that his counsel failed to properly advise him on the consequences of pleading guilty. The record, however, does show the trial court asking Juarez whether he was forced or mistreated into pleading, and he responded, "no." (2 R.R. at 5). In addition, there was a two and a half month break between Juarez's plea and the trial court's sentencing, during which Juarez could have withdrawn his plea and the trial court would have had broad discretion in allowing the withdraw prior to sentencing. *See Mendez v. State*, 138 S.W.3d 334, 345 (Tex. Crim. App. 2004) (stating, "when trial by jury has been waived, the defendant may change the plea from guilty to not guilty until the court pronounces judgment or takes the case under advisement."). But Juarez never claimed any lack of understanding his guilty plea—until now.

There is also no evidence that trial counsel failed to have Juarez examined for competency to stand trial. Juarez's counsel did have him examined by Dr. Brian Skop and asked the trial court to take Dr. Skop's assessment into consideration for punishment purposes. (3 R.R. at 26 and 0936B C.R. at 70). Moreover, Dr. Skop stated in his report that Juarez was competent to stand trial and understood the charges against him. (0936B C.R. at 71). Juarez does suffer from mental health issues, but his counsel did not fail to have him evaluated and certainly was not ineffective for making a frivolous motion to the court to find Juarez incompetent to stand trial.

On the last ineffective issue, trial counsel did not file a motion to quash the indictments in this case. There is nothing on the record regarding counsel's reasons for not filing a motion; therefore, the presumption should be counsel had a strategy and a reason for not filing the motions. In addition, looking at the face of the indictments, they both provided Juarez with adequate notice of the charges against him and they both track the statutory language of aggravated robbery. *See Moreno v. State*, 721 S.W.2d 295, 300 (Tex. Crim. App. 1986) (stating the general notion that an indictment which tracks the statutory language of the offense will be found sufficient).

Clearly the record does not support appellant's allegations of ineffective assistance of counsel. Instead, the record shows a valid plea and jury waiver

6

signed by Juarez. Also, looking at the totality of the representation, trial counsel provided the trial court with mitigation evidence at the punishment trial. In the end, the trial court sentenced Juarez to 45 years imprisonment which is not only well within the punishment range of aggravated robbery, but an extremely reasonable sentence considering Juarez committed two robberies of three people at gunpoint within hours of each of other. (3 R.R. at 29). Appellant's argument is wholly without merit and his conviction and the judgment of the trial court should be affirmed.

## SUMMARY OF STATE'S CROSS POINT ON APEAL
The trial court should not have granted Juarez's request to appeal because his waiver was made voluntarily, knowingly, and intelligently.

## STATE'S CROSS POINT ON APPEAL
The trial court erred in changing the trial court certification and granting Juarez's request to appeal his plea of guilty. *See Marsh v. State,* 444 S.W.3d 654, 659 (Tex. Crim. App. 2014) (holding the State can complain for the first time on appeal about an improperly amended appeal certification).

When a defendant makes a voluntary, knowing, and intelligent waiver of his right to appeal, he may not appeal without permission from the trial court. *See Monreal v. State*, 99 S.W. 3d 615, 617 (Tex. Crim. App. 2003). The Texas Court of Criminal Appeals has held that a pre-trial or pre-sentencing waiver of the right to appeal is not voluntary, knowing, and intelligent when the consequences of the

7

waiver are not known with certainty. *See Ex parte Delaney*, 207 S.W.3d 794, 795-96 (Tex. Crim. App. 2006). But the Court narrowed the *Delaney* holding when they decided that a defendant can voluntarily waive his right to appeal, even if the sentence is unknown, when consideration is given by the State for the defendant's waiver. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009).

In this case Juarez's waiver was the result of a plea bargain. During the plea, the prosecutor referred to a limited plea bargain they made with Juarez. (2 R.R. at 5). While not explicitly stated, the State consented to the jury waiver in exchange for Juarez's waiver of appeal. *See* Tex. Code Crim. Proc. Ann. Art. 1.13 (West 2005). The State also had him agree to the felony enhancement and the deadly weapon allegation, which changed the minimum punishment from five years to 15 years, which supports a finding that Juarez's plea and waiver were bargained for and done knowingly. *See* Tex. Penal Code Ann. § 12.42(c)(1). Before Juarez could go to the court for punishment, he had to agree to increase the minimum punishment by 10 years. Clearly, Juarez and the State believed he received some benefit by pleading open to the court, and the State gave consideration in consenting to the jury waiver, and in return Juarez waived his right to appeal and agreed to plea true to the punishment enhancements.

Juarez took a gamble by pleading open to the court. He avoided the jury's punishment determination and took a chance that the judge's punishment

determination would be lower.    He should not get another chance simply because his gamble did not pay off and he did not get the sentence he wanted. *See Ex Parte Broadway*, 301 S.W.3d at 698 (stating, "the fundamental nature of an open plea is uncertainty."). The trial court should have enforced the initial trial court certification and denied Juarez's request to appeal; therefore the State requests this Court find Juarez properly waived his right to appeal deny review on any of his issues on appeal.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas submits that the

judgment of the trial court should, in all things, be AFFIRMED.


Respectfully submitted,

Nicholas "Nico" LaHood
Criminal District Attorney
Bexar County, Texas


/s/ Lauren A. Scott

_____

Lauren A. Scott
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva Street
San Antonio, Texas 78205
Phone: (210) 335-2885
Email: lscott@bexar.org
State Bar No. 24066843

*Attorneys for the State*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I, Lauren A. Scott, herby certify that the total number of words in appellee's brief is approximately 2200. I also certify that a true and correct copy of the above and forgoing brief was mailed to appellant at the Bexar County Jail on February 20, 2015.

/s/ Lauren A. Scott

_____
Lauren A. Scott
Assistant Criminal District Attorney


Pro Se Appellant
Andres Ramon Juarez
SID #995152
200 N. Comal
San Antonio, TX 78207