ACCEPTED
04-15-00196-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/15/2015 4:22:15 PM
KEITH HOTTLE
CLERK

## No. 04-15-00196-CR

IN THE
FOURTH COURT OF APPEALS OF TEXAS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
4/15/2015 4:22:15 PM
KEITH E. HOTTLE
Clerk

**MICHAEL S. EISENHAUER**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

## RESPONSE TO THE ORDER PROPOSING TO DISMISS THIS APPEAL PURSUANT RULE 25.2(d) OF THE TEXAS RULES OF APPELLATE PROCEDURE

TO THE HONORABLE COURT OF APPEALS:

Comes now MICHAEL S. EISENHAUER, Appellant, by and through undersigned counsel, in reply to the ORDER of this Honorable Court dated April 7, 2015, and shows the Court the following:

I.     Procedural history:

Appellant was charged by indictment in cause number 2013-CR-6130 with family violence assault, enhanced with the allegation that Appellant was previously convicted of family violence assault causing bodily injury. The primary offense was alleged to have been committed in Bexar County, Texas, on or about June 19, 2013. (CR at 5). On July 16, 2013, the trial court granted attorney Brad Kvitna's

motion to appear as Appellant's attorney. (CR at 6-8). Mr. Kvinta also filed a written appearance as retained counsel on November 15, 2013. (CR at 34).

On February 18, 2014, pursuant to a written plea agreement with the State, Appellant pleaded no contest to the charged offense. (CR at 45, 47). The parties agreed that the punishment assessed would be capped at six years of imprisonment, with a $1,500 fine. (CR at 45). As part of the plea agreement, Appellant agreed in writing to waive the right of appeal. (CR at 45). The trial court approved Appellant's waiver and voluntary relinquishment of his known rights in this case, including the right of appeal. (CR at 49).

On April 4, 2014, the trial court, the Honorable Maria Teresa Herr presiding, followed the terms of the plea agreement and sentenced Appellant to six years of imprisonment in the Institutional Division, with a $1,500.00 fine. (CR at 64). The trial court imposed court costs of $394.00 and entered a family violence finding. (CR at 64-65). The trial court certified that this is a plea-bargain case, that Appellant has "NO right of appeal," and that he also waived the right of appeal. (CR at 66). By his signature, Appellant acknowledged that he was informed that he has no right of appeal in this case. (CR at 66).

Almost a year after he was sentenced, on March 24, 2015, Appellant filed a pro se notice of appeal with the District Clerk. (CR at 72-76). Appellant's pro se

notice of appeal was not timely filed, and nothing in the trial record shows that he filed a motion for extension of time to file the notice of appeal. (CR at 2-4).

On April 1, 2015, the trial court appointed the Bexar County Public Defender's Office to represent Appellant in this attempted appeal. (CR at 101). The clerk's record was filed on April 6, 2015. On April 7, 2015, this Court ORDERED that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless Appellant files a response establishing that the notice of appeal was timely filed and causes an amended trial court certification (showing that Appellant has the right of appeal) to be filed by April 17, 2015. This is court-appointed counsel's response to the Court's ORDER.

II.    No right of appeal:

In a plea-bargain case where the sentence does not exceed the agreed-upon punishment, the defendant may appeal only matters that were raised by written motion and ruled upon before trial, or by getting the trial court's written certification that he has permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).

This was a plea-bargain case. As noted above, the clerk's record shows that Appellant pleaded "nolo contendere" to the primary offense pursuant to the terms

of a written plea agreement with the State. (CR at 47, 64). The trial court followed that plea agreement by sentencing Appellant to six years of imprisonment. (CR at 47, 64). The trial court accurately certified that this is a plea-bargain case, Appellant has "NO right of appeal," and also waived the right of appeal. (CR at 66). Appellant signed that notice. (CR at 66). Additionally, no written pretrial motions were filed and ruled upon before the plea-entry hearing.[1] (CR at 2-5). For these reasons, the trial court's certification of the defendant's right of appeal accurately reflects that this is a plea-bargain case, the terms of the plea bargain were followed, and Appellant has no right of appeal.

## III. Waiver:

A defendant may waive the right of appeal, as long as the waiver is made "voluntarily, knowingly, and intelligently." *See* TEX. CODE CRIM. PROC. art. 1.14 ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law."); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). The record shows that Appellant waived the right of appeal in writing as part of the plea agreement, and the trial court approved that waiver. (CR at 45, 49). Undersigned counsel can identify nothing in the clerk's record to show that the trial court failed to follow the terms of the plea bargain, and nothing shows that Appellant's written waiver of the right of appeal was involuntary. Since Appellant

---

[1] Appellant's motion to suppress was neither granted nor denied per the clerk's record. (CR at 26).

has validly waived the right of appeal, this Court has not acquired jurisdiction over this case. *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014)("...because Appellant had validly waived his right to appeal, the court of appeals never acquired jurisdiction."). If Appellant now wishes to argue that his plea was involuntary, for example, he will have to raise that argument in a post-conviction writ. He cannot make that argument in this attempted appeal. *See* TEX.R.APP.P. 25.2(a)(2).

IV.     No jurisdiction:

Appellant's notice of appeal was due to be filed within thirty days after the sentence was imposed in open court. TEX. R. APP. P. 26.2(a)(1). So it was due to be filed by May 5, 2014. Appellant could have filed a motion for extension of time to file the notice of appeal. TEX. R. APP. P. 26.3. His notice of appeal would have then been due on May 19, 2014. But he did not file a motion for extension of time to file his pro se notice of appeal, and did not file his pro se notice of appeal until March 24, 2015. (CR at 156). It was not timely filed. For that reason alone, this jurisdiction of this Court was not invoked. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that a timely filed notice of appeal is necessary to invoke the jurisdiction of a court of appeals).

V.     No amended trial court certification will be sought by counsel:

5

The undersigned attorney has reviewed the clerk's record of this case and can find no right of appeal for Appellant. No pretrial motions were filed *and ruled upon* by the trial court before Appellant entered his negotiated plea. Nothing in the record suggests that the trial court gave Appellant permission to appeal. In fact, as noted above, Appellant explicitly waived the right of appeal in writing as part of the plea agreement. (CR at 45). In short, undersigned counsel can find no reason to seek an amended certification from the trial court that would give Appellant the right of appeal. Moreover, Appellant's pro se notice of appeal was not timely filed. Therefore, the undersigned cannot prevent this Court from dismissing this attempted appeal. Undersigned counsel also cannot raise legal claims—such as an argument that plea counsel rendered ineffective assistance —on Appellant's behalf in this attempted direct appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006)(where defendant has no right to appeal after his plea bargain, dismissal of the appeal is required, with no inquiry by the appellate court into even possibly meritorious claims).

VI.    Relief available to Appellant:

Although the Court of Appeals will dismiss this this appeal, Appellant may still challenge his conviction *after the mandate issues* by filing an application for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. Appellant may also seek relief by filing an original petition for a writ of

certiorari with the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 4.04 (West 2005), and TEX. CONST. art. V, § 5. However, undersigned counsel is appointed to represent Appellant on this attempted direct appeal only. He will not represent or assist Appellant with any post-conviction or original-proceeding challenges to his conviction and sentence in this cause. Appellant will have to pursue those remedies *pro se*, or with retained counsel.

WHEREFORE, Appellant, by and through undersigned counsel, is compelled to concede that Appellant has no right of appeal from the underlying criminal case and must also concede that the Honorable Court of Appeals may dismiss this appeal for that reason.

Respectfully submitted,

/s/ Richard B. Dulany, Jr.

_____
RICHARD B. DULANY, JR.
Texas Bar No. 06196400
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 310
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org

ATTORNEY FOR APPELLANT

## **CERTIFICATE OF SERVICE AND COMPLIANCE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing response has been delivered electronically to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on **April 15, 2015**. The total word count is 1,624, not including the appendix.

/s/ Richard B. Dulany, Jr.

_____
RICHARD B. DULANY, JR.

Appendix:  Trial Court's Certification of Defendant's Right of Appeal



No. **2013CR6130**

| The State of Texas | § | In the **186th** District Court |
| vs. | § | of |
| **Michael S. Eisenhour** CRT | § | **Bexar County, Texas** |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☐    is not a plea-bargain case, and the defendant has the right of appeal; (or)

☐    is a plea-bargain case, but the defendant has filed a notice of appeal that specifies the appeal if for a jurisdictional defect; (Tex.Rules App. Pro. 25.2(a)(2)(A));

☐    is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal; (Tex.Rules App. Pro. 25.2 (a)(2)(B)); (or)

☐    is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal; (Tex. Rules App. Pro. 25.2(a)(2)(c)); (or)

☑    is a plea-bargain case, and the defendant has NO right of appeal; (or)

☐    is a revocation of the defendant's community supervision, and the defendant has the right to appeal the court's action revoking the community supervision, but not the underlying conviction (Tex, Code of Crim. Pro. 42.12§23); (or)

☐    is an adjudication of guilt following a deferred adjudication, and the defendant has a limited right of appeal (Tex. Code of Crim. Pro. 2.12§5(b));

☐    is a decision on the defendant's motion for forensic DNA testing and the defendant has the right of appeal (Tex. Code of Crim. Pro 64.05);

☐    is one in which the defendant has waived the right of appeal.

_____      **April 9, 2014**
**JUDGE**                              **Date Signed**

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of criminal appeals. Tex. R. App. P. 68.2.

I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____
**DEFENDANT**

Mailing address:_____
Telephone number:_____

Fax number if any:_____

_____
**ATTORNEY FOR DEFENDANT**

Bar number: **24069235**
Mailing address:_____

_____
Telephone:_____
Fax:_____

*"A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).