

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1034-13

**ROBERT LANE MARSH, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTH COURT OF APPEALS
BEXAR COUNTY**

MEYERS, J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. KELLER, P.J., filed a concurring opinion.

## O P I N I O N

After Appellant's pretrial motion to suppress was denied, he pled nolo contendere pursuant to a plea bargain. The written plea agreement, signed by all parties, included a waiver of appeal, and Appellant asserted that he understood this when questioned by the trial judge. The judge then sentenced Appellant as agreed upon and entered a certification that stated Appellant had no right of appeal. One month later, Appellant filed a motion to

amend the certification to reflect that he did have a right to appeal, which the court of appeals granted, ordering the trial court to correct the certification. With the amended certification, Appellant then appealed the denial of his pretrial motion to suppress. The court of appeals affirmed the trial court's denial of the motion, but also asserted that the State had not preserved its argument that the amended certification was defective, and concluded that the evidence did not support the State's argument that Appellant had waived his right to appeal. *Marsh v. State*, 405 S.W.3d 163, 168-71 (Tex. App.–San Antonio 2013). We granted the State's petition for discretionary review to determine whether the Texas Rules of Appellate Procedure required the State to preserve its argument that Appellant waived his right to appeal, whether the court of appeals erred in dictating to the trial court the content of Appellant's new certification, and whether the court of appeals erred in concluding that Appellant did not specifically waive his right to appeal as part of the plea bargain.

## FACTUAL AND PROCEDURAL HISTORY

Appellant was charged with unlawful possession of a firearm by a felon. He filed a pretrial motion to suppress evidence, which the trial court denied. Appellant then entered into a plea agreement with the State in which he was to plead nolo contendere, accept punishment of a $1,500 fine and eight years' imprisonment, and pay restitution. In return, the State agreed to request that the judge take into consideration or dismiss 10 other felony charges and eight other misdemeanor charges. Part of the written plea agreement,

which was signed by Appellant, included a waiver of appeal, which stated:

> I understand that upon my plea of guilty or nolo contendere, where the
> punishment does not exceed that recommended by the prosecutor and
> agreed to by me, my right to appeal will be limited to only: (1) those matters
> that were raised by written motion filed and ruled on before trial, or (2)
> other matters on which the trial court gives me permission to appeal. I
> understand that I have this limited right to appeal. However, as part of my
> plea bargain agreement in this case, I knowingly and voluntarily waive my
> right to appeal under (1) and (2) in exchange for the prosecutor's
> recommendation, provided that the punishment assessed by the court does
> not exceed our agreement.

During the plea proceedings, the judge spoke to Appellant about the provisions of the

agreement, including the following exchange:

> THE COURT: On each of these forms, Mr. Marsh, you signed indicating
> that you understand that if I follow this agreement, you are waiving your
> right of appeal. Did you in fact understand that, sir?
>
> DEFENDANT: Yes, I did.

At sentencing, the judge again discussed Appellant's right to appeal:

> THE COURT: You signed a certification of defendant's right of appeal.
> You indicated by your signature that you understood that if I follow this
> agreement, you will be waiving your right of appeal. Is this your signature
> on each of these forms, Mr. Marsh?
>
> DEFENDANT: Yes, it is.

The court accepted Appellant's plea, sentenced Appellant as agreed upon, and prepared a

certification that recited that this was a plea-bargain case and that Appellant had no right

of appeal.

One month later, Appellant filed a motion for new trial and a motion to amend the

trial court's certification, claiming that he never waived his right to appeal the motion to suppress as part of the plea agreement. Because the trial court did not rule on the motion for new trial and motion to amend the trial court's certification, Appellant filed a notice of appeal with the court of appeals, indicating his intent to appeal the denial of his motion to suppress. The court of appeals subsequently issued an order stating that Appellant did have the right to appeal pretrial motions pursuant to Rule 25.2(a)(2)(A) and ordered the trial court to amend the defective certification to reflect this right. This order stated in part:

> [A]ppellant has the right to appeal the denial of his motion to suppress filed in trial court cause number 2009CR0761, and the trial court's certification in trial court cause number 2009CR0761 is defective. The trial court is FURTHER ORDERED to correct this defect within fifteen days from the date of this order. *See* Tex. R. App. P. 25.2(a)(2)(A).

The trial court complied, signing a new certification that stated that this was a plea-bargain case but that Appellant had the right to appeal pretrial matters. The trial court also made a handwritten notation on the certification stating that a motion to suppress had been heard in the case.

Appellant then appealed his conviction, arguing that the trial court erred in denying his motion to suppress because his consent to search was obtained incident to an illegal arrest when he was detained without probable cause. *Marsh*, 405 S.W.3d at 165. The State argued, however, that, as part of his plea bargain, Appellant had waived any right to appeal altogether and that the amended certification of appeal was incorrect. *Id*. at 167-

68. The court of appeals affirmed the trial court's ruling on the motion to suppress, finding that Appellant had given his consent to the search before the arrest became illegal. *Id*. at 171. However, the court of appeals also decided that the State's waiver argument was not valid. *Id*. at 168. It asserted that Texas Rule of Appellate Procedure 25.2 required the State to have filed a motion to strike the trial court's entry of the amended certification rather than have raised the argument for the first time in its appellate brief, as it did. *Id*. Further, the court of appeals reasoned, the evidence did not show that Appellant had waived his right to appeal the denial of his pretrial motion as part of his plea agreement. *Id*.

Subsequently both the State and Appellant filed petitions for discretionary review challenging the decision of the court of appeals. We granted the State's petition to decide: (1) whether Texas Rule of Appellate Procedure 25.2(f) imposes a burden on the State to preserve an argument that a defendant waived his right to appeal; (2) if so, whether it also unlawfully attempts to modify the substantive rights of a litigant by extending the right of appeal to a defendant who has voluntarily, knowingly, and intelligently waived that right as part of a plea bargain; (3) whether the court of appeals erred by dictating to the trial court the content of the certification of the defendant's right to appeal; and (4) whether the court of appeals erred by concluding that the defendant did not "specifically waive[] his right under Rule 25.2(a)(2)(A) to appeal a denial of his pre-trial motion to suppress as part of the plea bargain agreement.

## DOES RULE 25.2(f) REQUIRE PRESERVATION?

Rule 25.2(f) of the Texas Rules of Appellate Procedure states:

> An amended notice of appeal or trial court's certification of the defendant's right of appeal correcting a defect or omission in an earlier filed notice or certification, including a defect in the notification of the defendant's appellate rights, may be filed in the appellate court in accordance with Rule 37.1, or at any time before the appealing party's brief is filed if the court of appeals has not used Rule 37.1. The amended notice or certification is subject to being struck for cause on the motion of any party affected by the amended notice of certification. After the appealing party's brief is filed, the notice or certification may be amended only on leave of the appellate court and on such terms as the court may prescribe.

The court of appeals read this rule as prohibiting the State from bringing up, for the first time in its appellate brief, its complaint that the amended certification was inaccurate. *Marsh*, 405 S.W.3d at 168.

The State contends that the court of appeals's opinion requires the State to monitor amended certifications that are filed, to object or complain each time one is filed that is inaccurate, and to do so before the defendant files his brief. This would be required despite the fact that the State's appellate attorney may be unaware of the accuracy of the certification prior to the filing of the appellant's brief because the State may never see the trial-court record until after that brief is filed. The State argues that the court of appeals essentially concludes that the State is estopped from arguing that a certification is in conflict with the record if the State did not file a motion to strike the certification before the defendant's brief was filed.

The State asserts that no published case supports this conclusion by the court of

appeals. Instead, the State points out, this court held in *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), that a certification is defective if it is inaccurate when compared to the record and that an appellate court has a duty to review the record in ascertaining whether certifications are defective. The State also maintains that other courts of appeals have permitted the State to raise, for the first time on appeal, a claim that, contrary to the language on the certification, a defendant waived his right to appeal. *See Sherwood v. State*, 340 S.W.3d 929, 932 (Tex. App.–El Paso 2011, no pet.); *and see Adams v. State*, No. 02-11-00151-CR, 2012 Tex. App. LEXIS 2064 (Tex. App.–Fort Worth March 15, 2012) (mem. op., not designated for publication). The State argues that, because Texas Rule of Appellate Procedure 25.2(f) does not impose a burden on the State to preserve an argument that a defendant waived his right to appeal, the judgment of the court of appeals should be reversed.

Appellant contends, however, that the plain language of Rule 25.2(f) does require the State to object to an amended certification prior to the filing of the appellant's brief. Any other reading of the rule, Appellant asserts, would invalidate the provision. Appellant further argues that the State would not have to monitor every case in the system to determine if an amended certification is filed, as it would have us believe. For example, the State in this case was given notice of the amendment of the certification by both the Appellant and the court of appeals and voluntarily took no action. Therefore, Appellant believes the court of appeals' interpretation of Rule 25.2(f) is correct and that

its decision should be affirmed.

The court of appeals, in drawing its conclusion that the State's claim had no merit because it was raised for the first time on appeal, focused on the language in the rule that states that "the amended notice or certification is subject to being struck for cause on the motion of any party affected by the amended notice of certification." *Marsh*, 405 S.W.3d at 168. However, taken plainly, this phrase simply sets out that any affected party may move to strike the amended certification. It does not contain any requirements or prohibitions for objecting to the certification, and we do not believe it could be reasonably interpreted to contain them. The court of appeals has failed to acknowledge that this rule's language plainly bears no mandate that the State raise a complaint about an amended certification as a prerequisite to arguing such issue on appeal. In fact, as the State discusses, the State often does not even see the record before the defendant files an appellate brief. It would be unreasonable to compel the State to weigh in on the accuracy of the certification without first having the opportunity to examine the record. For these reasons, we conclude that the rule contains no preservation requirement and that the State may complain about an inaccurately amended certification for the first time on appeal.

This interpretation is consistent with our previous decisions in *Dears* and *Menefee*. In *Dears* we held that the court of appeals is obligated to compare the certification with the record to ascertain whether a certification is defective and act accordingly. 154 S.W.3d at 615. In *Menefee* we clarified this holding by making clear that, while a court of

appeals may *sua sponte* compare the certification to the record to determine accuracy, it is not obligated to do so without a suggestion by the State that the two are inconsistent. 287 S.W.3d at 12 n.12. In both cases we acknowledged that the accuracy of the certification would be considered even though the defendant's appeal had commenced. *Menefee* even clearly suggests that the court of appeals should examine the claim when the State makes it.

Therefore, allowing the State to argue, for the first time on appeal, that the record and certification are incompatible is in line with the plain language of the rule, with practical considerations, and with our caselaw. We hold that the court of appeals erred in determining otherwise.

## DID THE COURT OF APPEALS ERR BY DICTATING THE CONTENTS OF THE NEW CERTIFICATION TO THE TRIAL COURT?

The State argues that, by declaring to the trial court that "appellant has the right to appeal the denial of his motion to suppress," the court of appeals improperly dictated the content of the certification in its order to the trial court. The State contends that the order left no option for the trial court to make a contrary finding and failed to allow the court to sign a certification indicating that Appellant had waived his right to appeal as part of the plea agreement. The State asserts that the court of appeals' order is in direct conflict with our opinion in *Greenwell v. Court of Appeals for the Thirteenth Dist.*, 159 S.W.3d 645, 650 n. 24 (Tex. Crim. App. 2005), in which we stated that courts of appeals are prohibited from dictating the content of certifications. Because this order and the resulting

certification were improper, the State believes that the court of appeals erred in failing to dismiss Appellant's appeal, the court of appeals' judgment should be reversed, and the appeal should be dismissed. Appellant, on the other hand, simply asserts that the court of appeals had the right to order the trial judge to provide a valid certification because the first certification filed was defective. *See* TEX. R. APP. P. 34.5(c), 37.1.

While Appellant is correct in stating that the court of appeals had a right to order the trial court to produce an amended certification that corrects the defective one, the court of appeals here overstepped its authority by prescribing exactly what the new certification should say. By explicitly setting out that the certification was defective because Appellant had "the right to appeal the denial of his motion to suppress" and then ordering the court to correct this defect within fifteen days, the court of appeals dictated the content of the certification, contrary to what is permitted by the rules. *Greenwell*, 159 S.W.3d at 650 n. 24. Evidence of the dictation can be seen in the amended certification itself, on which the judge not only checked the box that states that this is a plea-bargain case in which the defendant has the right to appeal pretrial motions, but also handwrote in a notation that specifies that this right refers to the motion to suppress heard in this case. We agree with the State that the court of appeals' order left the trial court with no option but to amend the certification in exactly the way stated in that order. Because this order was closer to a mandamus action than a request for the trial court to review the record and submit a certification that comports with it, we conclude that the court of appeals violated

the prohibition discussed in *Greenwell* and erred in its order to the trial court.

## APPELLANT'S WAIVER OF HIS RIGHT TO APPEAL THE PRETRIAL MOTION

The State asserts that the court of appeals' conclusion that Appellant did not waive his right to appeal the motion to suppress is in direct conflict with the record, which includes Appellant's signed plea agreement that states that he "knowingly and voluntarily waive[s]" his right to appeal matters raised before trial and his verbal acknowledgments to the trial court at the plea and sentencing hearings.

The appellant argues, however, that Texas Rule of Appellate Procedure 25.2(a)(2)(A) and Article 44.02 of the Texas Code of Criminal Procedure grant the right to appeal matters raised and ruled upon prior to trial without having to get the permission of the trial court. Appellant further asserts that there is no case in which an appellant has been denied a right to appeal a written motion to suppress evidence filed and ruled upon before trial. The State's claim of waiver, therefore, directly conflicts with the plain language of the rules, and the court of appeals' judgment should be affirmed.

Appellant's interpretation of the rules is correct. Rule 25.2(a)(2)(A) does, in fact, grant defendants who plead guilty as part of a plea bargain the right to appeal pretrial motions. What Appellant fails to recognize, however, is that a defendant may waive this right, as long as the waiver is made "voluntarily, knowingly, and intelligently." TEX. CODE CRIM. PROC. art. 1.14 ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law."); *Ex parte Broadway*, 301 S.W.3d 694, 697

(Tex. Crim. App. 2009).

We agree with the State that the record shows that Appellant knowingly and voluntarily waived his right to appeal the motion to suppress. The signed plea agreement that explicitly sets out the waiver, combined with Appellant's verbal acknowledgments of the waiver support this conclusion. Given this evidence, we believe the court of appeals' conclusion that the record does not indicate that Appellant waived his right to appeal is not well supported. The court of appeals erred in failing to recognize what is a clear waiver of appeal.

## CONCLUSION

Because the State was permitted to bring its argument that the amended certification was inaccurate for the first time on appeal and the evidence shows that Appellant did, in fact, waive his right to appeal the pretrial motion to suppress, we vacate the court of appeals' decision. Further, because Appellant had validly waived his right to appeal, the court of appeals never acquired jurisdiction. Therefore, we order the court of appeals to withdraw its opinion and dismiss the appeal.

Delivered: October 1, 2014

Publish