ACCEPTED
04-15-00055-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/11/2015 12:41:58 PM
KEITH HOTTLE
CLERK

## No. 04-15-00055-CR

IN THE
FOURTH COURT OF APPEALS OF TEXAS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/11/2015 12:41:58 PM
KEITH E. HOTTLE
Clerk

**KEVIN ODELL**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

## RESPONSE TO THE ORDER PROPOSING TO DISMISS THIS APPEAL PURSUANT RULE 25.2(d) OF THE TEXAS RULES OF APPELLATE PROCEDURE

TO THE HONORABLE COURT OF APPEALS:

Comes now KEVIN ODELL, Appellant, by and through undersigned counsel, in reply to the ORDER of this Honorable Court dated February 11, 2015, shows the Court the following:

I.      Procedural history:

Appellant was charged by information in cause number 2014CR5506 with Driving While Intoxicated-3rd offense or more, alleged to have been committed in Bexar County, Texas, on or about May 30, 2014, and enhanced with the allegation that Appellant was previously convicted of the felony of Burglary of a Habitation. (CR at 12). Appellant was represented by retained attorney Robert M. Maurer II. (CR at 15). On January 14, 2015, pursuant to a written plea agreement with the

State, Appellant pleaded "guilty" to the charged offense and "true" to the enhancement paragraph. (CR at 59, 130). The parties agreed that the punishment would be assessed at 4 years of imprisonment with no fine. (CR at 57). As part of the plea agreement, Appellant agreed in writing to waive the right of appeal. (CR at 57). By his signature, the trial court accepted Appellant's guilty plea and approved Appellant's waiver and voluntary relinquishment of his known rights in this case, including the right of appeal. (CR at 56).

On January 14, 2015, the trial court, the Honorable Jefferson Moore presiding, followed the terms of the plea agreement and sentenced Appellant to 4 years of imprisonment with no fine. (CR at 130). The trial court also imposed court costs of $484.00. (CR at 130). The trial court certified that this is a plea-bargain case and Appellant has "NO right of appeal." (CR at 132). By his signature, Appellant acknowledged that he was informed that he has no right of appeal in this case. (CR at 132). Nevertheless, Appellant timely filed a pro se notice of appeal with the District Clerk on January 29, 2015. (CR at 133).

On February 2, 2015, the trial court appointed the Bexar County Public Defender's Office to represent Appellant in this attempted appeal. On February 6, 2015, this Court ordered the trial court clerk to prepare a limited clerk's record because the Trial Court's Certification of Defendant's Right of Appeal accurately reflects that this is a plea-bargain case and that the trial court certified that

Appellant "has NO right of appeal." The clerk's record was filed on February 10, 2015. On February 11, 2015, this Court ORDERED that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless Appellant files a response establishing that the notice of appeal was timely filed and causes an amended trial court certification (showing that Appellant has the right of appeal) to be filed by March 13, 2015. Court-appointed counsel now files this response to the Court's ORDER.

II.     No right of appeal:

In a plea-bargain case where the sentence does not exceed the agreed-upon punishment, the defendant may appeal only matters raised by written motion *and ruled upon* before trial, or after getting the trial court's permission to appeal. *See* TEX.R.APP.P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX.R.APP.P. 25.2(d).

This was a plea-bargain case. As noted above, the clerk's record shows that Appellant pleaded "guilty" to the charged offense pursuant to the terms of a written plea agreement with the State. (CR at 59, 130). The trial court followed that plea agreement in sentencing Appellant to 4 years of imprisonment. (CR at 130). The trial court accurately certified that this is a plea-bargain case and Appellant has

3

"NO right of appeal." (CR at 132). Appellant signed that notice. (CR at 132).

Additionally, no written pretrial motions were filed and ruled upon before the plea-entry hearing. (CR at 2-3). For these reasons, the trial court's certification of the defendant's right of appeal accurately reflects that this is a plea-bargain case, the terms of the plea bargain were followed, and Appellant has no right of appeal.

Further, a defendant may waive the right of appeal, as long as the waiver is made "voluntarily, knowingly, and intelligently." *See* TEX.CODE CRIM. PROC. art. 1.14 ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law."); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009).

In short, the record shows that Appellant waived the right of appeal in writing as part of the plea agreement, and the trial court approved that waiver. (CR at 56-57). Undersigned counsel can identify nothing in the clerk's record to show that the trial court failed to follow the terms of the plea bargain, and nothing shows that Appellant's written waiver of the right of appeal was involuntary.

III.    No jurisdiction:

Because Appellant has validly waived the right of appeal, this Court has not acquired jurisdiction over this case. *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014)("…because Appellant had validly waived his right to appeal, the court of appeals never acquired jurisdiction.").

IV.    No amended trial court certification will be sought by counsel:

The undersigned attorney has reviewed the clerk's record of this case and can find no right of appeal for Appellant. No pretrial motions were filed and ruled upon by the trial court before Appellant entered his negotiated plea. Nothing in the record suggests that the trial court gave Appellant permission to appeal. In fact, as noted above, Appellant by his signature explicitly waived the right of appeal in writing as part of the plea agreement. (CR at 57). In short, undersigned counsel can find no reason to seek an amended certification from the trial court that would give Appellant the right of appeal. Therefore, the undersigned cannot prevent this Court from dismissing this attempted appeal. Undersigned counsel also cannot raise legal claims—such as an argument that plea counsel rendered ineffective assistance — on Appellant's behalf in this attempted direct appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006)(where defendant has no right to appeal after his plea bargain, dismissal of the appeal is required, with no inquiry by the appellate court into even possibly meritorious claims).

V.    Relief available to Appellant:

Although the Court of Appeals will dismiss this this appeal, Appellant may still challenge his conviction *after the mandate issues* by filing an application for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. Appellant may also seek relief by filing an original petition for a writ of

certiorari with the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 4.04 (West 2005), and TEX. CONST. art. V, § 5. However, undersigned counsel is appointed to represent Appellant on this attempted direct appeal only. He will not represent or assist Appellant with any post-conviction or original-proceeding challenges to his conviction and sentence in this cause. Appellant will have to pursue those remedies *pro se*, or with retained counsel.

WHEREFORE, Appellant, by and through undersigned counsel, is compelled to concede that Appellant has no right of appeal from the underlying criminal case, and must also concede that the Honorable Court of Appeals may dismiss this appeal for that reason.

Respectfully submitted,

/s/ Richard B. Dulany, Jr.

_____

RICHARD B. DULANY, JR.
State Bar No. 06196400
Bexar County Public Defender
Paul Elizondo Tower
101 W. Nueva St., Suite 310
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE AND COMPLIANCE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing response has been delivered electronically to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on **March 11, 2015**. The total word count is 1,375, not including the appendix.

/s/ Richard B. Dulany, Jr.

_____

RICHARD B. DULANY, JR.

<u>Appendix A:  Trial Court's Certification of Defendant's Right of Appeal</u>

No. 2014CR5506



| The State of Texas | § | In the 186 District Court |
| vs. | § | of |
| Kevin Odell | § | Bexar County, Texas |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☐    is not a plea-bargain case, and the defendant has the right of appeal; (or)

☐    is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal; (or)

☐    is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal; (or)

☑    is a plea-bargain case, and the defendant has NO right of appeal; (or)

☐    is a revocation of the defendant's community supervision, and the defendant has the right to appeal the court's action revoking the community supervision, but not the underlying conviction; (or)

☐    is an adjudication of guilt following a deferred adjudication, and the defendant has a limited right of appeal; (or)

☐    is a decision on the defendant's motion for forensic DNA testing and the defendant has the right of appeal; (or)

☐    is one in which the defendant has waived the right of appeal.

_____
JUDGE

_14 JAN 15_
Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 68.2.

_____
DEFENDANT

Mailing address:_____
Telephone number:_____

Fax number if any:_____

I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____
ATTORNEY FOR DEFENDANT

Bar number: 00789755
Mailing address:_____
_____
Telephone:_____
Fax:_____

*"A defendant in a criminal case has the right of appeal under Code of Criminal Procedure Article 44.02 and these rules. This trial court shall enter a certification of the defendant's right of appeal each time it enters a judgement of guilt or other appealable order. In a plea bargain case - that is, a case in which a defendant's plea was guilty or nolo contedere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF OF APPELLATE PROCEDURE 25.2(a)(2).

132