ACCEPTED
04-15-00262-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/8/2015 10:23:01 AM
KEITH HOTTLE
CLERK

**No. 04-15-00262-CR**

**IN THE**
**FOURTH COURT OF APPEALS**
**OF TEXAS**
**AT SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
7/8/2015 10:23:01 AM
KEITH E. HOTTLE
Clerk

**ANGEL H. LONGORIA**                                           **APPELLANT**

**V.**

**THE STATE OF TEXAS**                                           **APPELLEE**

---

**MOTION TO ABATE APPEAL**

---

**TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS OF TEXAS:**

COMES NOW, ANGEL H. LONGORIA, the Appellant in the above styled and numbered cause, pursuant to Texas Rules of Appellate Procedure 10.1(a), 25.2(f), 35.4(c)(2) and 37.1, through the undersigned counsel, files this motion to abate the appeal so that the trial court may reconsider the certification of the defendant's (Appellant's) right of appeal. In support of this motion undersigned counsel respectfully shows the following:

I.      Current deadline for filing the Appellant's brief:

The reporter's record was filed on June 30, 2015. The Appellant's brief is due

1

to be filed on or before **July 30, 2015**.

II.    <u>This Court may review the certification of the right of appeal:</u>

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires "[t]he trial court [to] enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). The appellate court is "obligated to review th[e] record [to] ascertain[ ] whether the certifications [are] defective." *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). A certification is "defective" if it "proves to be inaccurate" "when compared with the record." *Id*. at 614.

III.    <u>The certification of the defendant's right of appeal is not accurate:</u>

The clerk's record includes the trial court's certification of the defendant's right of appeal. (CR at 147). The trial court certified that this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal[.]" (CR at 147). The record discloses that this is a plea-bargain case and the trial court pronounced sentence in accordance with the plea bargain. (CR at 96, 148-51)(RR at 9). As part of the plea agreement, Appellant waived his right of appeal in writing, including the right to appeal matters raised by written motion and ruled on before trial. (CR at 96). The trial court orally stated that Appellant has "permission to appeal those matters

2

which were raised by written motions" "[a]nd ruled upon." (RR at 6, 9-10). But the clerk's record discloses that no rulings were made on any of the written motions that were filed in the case. None of the orders associated with written motions were signed. The trial court and the parties made no reference to any ruled-upon motions during the plea-entry hearing. (RR 1-10). There are also no entries on the docket sheet that would reflect that a motion was heard or ruled on. (CR at 167).

In short, the certification of the defendant's right of appeal is defective because it does not comport with the record. The record discloses no matters that were raised by written motion filed and ruled on before trial. Moreover, Appellant waived the right of appeal in writing as part of his plea agreement. (CR at 96). *See Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014)(recognizing that a defendant may waive the right of appeal as part of his plea bargain). The record shows that Appellant entered into the plea agreement voluntarily. He answered, "Yes, Your Honor," when asked if he was "pleading guilty freely and voluntarily." (RR at 8). There is simply nothing in the record to support the trial court's certification that Appellant has the right of appeal in this case.

IV.    This appeal should be abated:

This Court "has the ability to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate."

*Dears*, 154 S.W.3d at 614; *see* TEX. R. APP. P. 34.5(c)(2) (authorizing appellate court to require trial court to prepare certification of defendant's right to appeal), 37.1 (requiring appellate clerk to inform parties when there is defect in certification of defendant's right to appeal in criminal case). For that reason, the undersigned respectfully asks this Court to abate this appeal so that the trial court may reconsider its certification of the defendant's right of appeal and that an accurate certification may be obtained from the trial court.

## PRAYER

THEREFORE, undersigned counsel for the Appellant prays that this Court issue an order abating this appeal and remanding this cause to the trial court so that the trial court may reconsider the certification of the defendant's right of appeal and enter an amended certification if necessary. As always, the Appellant also asks this Court to grant all such relief as is fair and just.

Respectfully submitted,

RICHARD B. DULANY, JR.
Texas Bar No. 06196400
Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 370
San Antonio, Texas 78205
(210) 335-0701
(210) 335-0707 fax
Richard.Dulany@bexar.org

4

/s/ Richard B. Dulany, Jr.

_____

RICHARD B. DULANY, JR.

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE AND COMPLIANCE

The undersigned does hereby certify that a copy of the above motion was delivered by electronic service to the Appellate Section of the State's Attorney: Nicholas A. LaHood, Criminal District Attorney, Bexar County District Attorney's Office, Appellate Section, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on **July 8, 2015**. The word count is **898**.

/s/ Richard B. Dulany, Jr.

_____

RICHARD B. DULANY, JR.