

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

| | § | |
|---|---|---|
| ERIC REY HERNANDEZ, | | No. 08-18-00076-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 120th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20170D05013) |
| | § | |

## <u>MEMORANDUM OPINION</u>

Eric Rey Hernandez attempts to appeal his conviction of possession of more than one gram but less than four grams of cocaine. Appellant waived his right to a jury and entered a negotiated guilty plea. The trial court followed the plea bargain and sentenced Appellant to confinement for twenty-four months in the state jail. We dismiss the appeal because the record supports the trial court's certification that Appellant does not have a right to appeal.

An appeal must be dismissed unless a trial court's certification showing that the defendant has the right of appeal has been made part of the record. TEX.R.APP.P. 25.2(d). The trial court's certification states that the case "is a plea-bargain case, and the defendant has NO right of appeal." We notified Appellant's counsel that the trial court's certification showed that Appellant had no right of appeal and asked him to file a response. Counsel filed a response stating that the certification is defective because Appellant has a right to appeal the trial court's denial of the

motion to suppress ruled on prior to the guilty plea. The State responds, however, that Appellant waived his right to appeal. The plea papers include a waiver of the right to appeal which reads as follows.

> I have also been informed of my right to pursue a motion for new trial and/or appeal, including the right to appeal in the event of a subsequent adjudication of guilt after being placed on deferred adjudication community supervision or a revocation of regular community supervision, and that I may ·waive this right. After having consulted with my attorney, I do hereby voluntarily, knowingly and intelligently waive my right to pursue a motion for new trial or appeal. I further agree that any motion for new trial or appeal that I pursue shall not be effective without the express written consent of the State's prosecuting attorney.

> I, the undersigned Defendant, acknowledge that I have read this page and understand its contents and sign it for the purposes stated above.

Appellant's signature appears immediately beneath this portion of the plea papers.

The plea papers also include an acknowledgement signed by Appellant's attorney which recites, in pertinent part, that counsel had explained to Appellant various rights, including the right to appeal, and counsel certified to the court that Appellant "has freely and voluntarily waived his or her rights as set out above and I join with the Defendant in the waiver of those rights." Further, the trial court made a written finding that Appellant understands the consequences of waiving the right to file a motion for new trial and to request permission to file an appeal, and Appellant had voluntarily, knowingly, and intelligently waived such rights. The record demonstrates that the trial court admonished Appellant, in writing and verbally during the guilty plea, that he has a right to appeal, and Appellant voluntarily waived that right. There is nothing in the record to demonstrate that Appellant sought or obtained permission to appeal from the trial court, and he did not seek the State's express consent to appeal as he agreed to do when he waived his right to appeal. We have also examined the record of the guilty plea and do not find that the trial court, Appellant, or Appellant's counsel made any statements which contradict Appellant's intent to

waive his right to appeal. Consequently, we conclude that the appeal must be dismissed because the record supports the trial court's certification that Appellant does not have a right of appeal. *See* TEX.R.APP.P. 25.2(d); *Marsh v. State*, 444 S.W.3d 654, 660 (Tex.Crim.App. 2014)(holding that where record showed that defendant validly waived his right to appeal as part of plea bargain, court of appeals never acquired jurisdiction and purported appeal must be dismissed); *Gomez v. State*, No. 08-14-00006-CR, 2016 WL 3536069, at *2-3 (Tex.App.--El Paso May 31, 2016, no pet.)(dismissing appeal for lack of jurisdiction where record showed defendant validly waived right to appeal); *see also Blanco v. State*, 18 S.W.3d 218, 219-20 (Tex.Crim.App. 2000)(upholding dismissal of appeal and finding no valid or compelling reason why defendant should not be held to his bargain with the State where defendant was fully aware of the consequences of bargain when he waived his right to appeal and it was not unfair for defendant to live with consequences). The appeal is dismissed.

July 31, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)