

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,428-04

### EX PARTE MARTIN MENDOZA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR15-085 IN THE 4TH DISTRICT COURT
### FROM RUSK COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possessing a prohibited substance in a correctional facility and sentenced to five years' imprisonment.

Applicant contends, among other things, that after he was convicted, trial counsel failed to file a notice of appeal because he told Applicant he did not have the right to appeal the denial of his pretrial motions. The trial court certified that this was a plea bargain case and Applicant had no right to appeal.

We remanded this application and directed the trial court to determine whether (1) pursuant

to the plea agreement, Applicant waived his right to appeal the denial of his written pretrial motions, and (2) counsel failed to timely file a notice of appeal after Applicant was convicted.

On remand,  the trial court found that Applicant was admonished at the plea hearing that he would be waiving his right to appeal since the trial judge was following the plea agreement. The trial court also found that Applicant signed the certification of his right to appeal, which said his case was a plea bargain case and he had no right to appeal. Finally, the trial court concluded that the court of appeals would have lacked jurisdiction to hear Applicant's appeal. We believe that the trial court should make further findings of fact and conclusions of law.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order counsel to respond again to Applicant's ineffective assistance of counsel claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether, pursuant to the plea agreement, Applicant waived his right to appeal the denial of his written pretrial motions. Nothing in the record indicates whether Applicant expressly waived his right to appeal the denial of his pretrial motions after he was convicted. Even though he pleaded guilty pursuant to a plea agreement on punishment, Applicant

had the right to appeal the denial of his pretrial motions after he was sentenced unless he expressly waived this right. TEX. R. APP. P. 25.2(a)(2)(A); *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014). If Applicant did not waive this right, the trial court shall determine whether counsel failed to timely file a notice of appeal after Applicant was sentenced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 12, 2018

Do not publish.