**Opinion filed December 13, 2018**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-18-00299-CR & 11-18-00300-CR
_____

## TIMOTHY DEWAYNE HINES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause Nos. CR51076 & CR51322**

### MEMORANDUM OPINION

Appellant pleaded guilty to the offenses of evading arrest with a motor vehicle and possession of a controlled substance. The State abandoned one enhancement allegation in one of the causes, and Appellant pleaded true to the remainder of the enhancement allegations. Appellant entered into a plea agreement with the State, and the trial court convicted Appellant and assessed his punishment, in accordance with the plea agreement, at confinement for seven years in each cause. Appellant also waived his right of appeal in each cause. We dismiss the appeals.

When these appeals were docketed, the clerk of this court notified Appellant of this court's concern regarding his right of appeal. We requested that Appellant respond and show grounds to continue the appeals. Appellant's attorney has filed a response in which she states that a pretrial motion regarding competency was filed by Appellant and ruled on by the trial court. She asserts that the trial court's adverse ruling on the pretrial motion is appealable and constitutes grounds for these appeals to continue. *See* TEX. R. APP. P. 25.2(a)(2)(A). We would be inclined to agree if Appellant had not waived his right to appeal.

The Court of Criminal Appeals addressed a similar issue in *Marsh v. State* and ruled as follows:

> Appellant's interpretation of the rules is correct. Rule 25.2(a)(2)(A) does, in fact, grant defendants who plead guilty as part of a plea bargain the right to appeal pretrial motions. What Appellant fails to recognize, however, is that a defendant may waive this right, as long as the waiver is made "voluntarily, knowingly, and intelligently."

*Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 1.14 (West 2005); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009)).

The documents on file in this court reflect that, in each cause, Appellant entered into a plea agreement and signed a waiver in which he waived various rights, including his right to appeal. The waivers provide in part as follows:

> **COMES NOW**, the defendant, and after having been adjudged guilty in the above entitled and numbered cause of an offense against the laws of the State of Texas and my punishment, therefor, having been assessed by the Court and sentence pronounced against me, and after being informed by the Court that I have a right to appeal to the Court of Appeals of Texas, and that I have the right to be represented on appeal by an attorney . . . and after consulting with my attorney, I do, hereby, voluntarily, knowingly and intelligently **WAIVE AND GIVE UP MY RIGHT TO APPEAL.**

The waivers were signed by Appellant, his attorney, and the trial judge.

The trial court certified in each cause that Appellant had waived his right of appeal. *See* TEX. R. APP. P. 25.2(d). The documents on file in these causes therefore show that Appellant waived his right of appeal. Texas has "long held that a valid waiver of appeal prevents a defendant from appealing without the trial court's consent." *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). We note that the trial court has not given Appellant permission to appeal. Accordingly, we dismiss these appeals without further action. *See Marsh*, 444 S.W.3d at 660; *Monreal*, 99 S.W.3d at 622–23; *see also* TEX. R. APP. P. 25.2(d).

These appeals are dismissed.

PER CURIAM

December 13, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.