

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,328-01

**EX PARTE JEFFREY BRYAN PEYTON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 56208-A*1 IN THE 30TH DISTRICT COURT
### FROM WICHITA COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of criminal solicitation of capital murder and sentenced to 21 years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because he told defense counsel he wanted to appeal the denial of pretrial motions but defense counsel failed to timely file a notice of appeal. The record before us includes the trial court's certification that this was a plea bargain case and Applicant had no right to appeal. However, the record also includes an admonishment containing the statement that "if the punishment assessed by the Court does not exceed the punishment recommended by the . . . prosecutor and agreed to by the defense and his attorney, the

trial court must give its permission to the defendant before the defendant may appeal on any matter in the case, except for those matters raised by written motions filed prior to trial." A waiver of rights to appeal and a judicial confession also contain language to the effect that Applicant's waiver of his right to appeal does not extend to written pretrial motions.

The habeas court found that Applicant knowingly waived his appellate rights and that his defense counsel did not represent that he would pursue an appeal of pretrial matters. Accordingly, the court concludes that Applicant has not satisfied his burden to show that he is entitled to an out-of-time appeal. We believe that the trial court should make further findings of fact and conclusions of law.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may order counsel to respond again to Applicant's ineffective assistance of counsel claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether, pursuant to the plea agreement, Applicant expressly waived his right to appeal the denial of his written pretrial motions. Nothing in the record before us indicates whether Applicant expressly waived his right to appeal the denial of his pretrial motions

after he was convicted. Even though he pleaded guilty pursuant to a plea agreement on punishment, Applicant had the right to appeal the denial of his pretrial motions after he was sentenced unless he expressly waived this right. TEX. R. APP. P. 25.2(a)(2)(A); *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014). If Applicant did not expressly waive this right, the trial court shall determine whether Applicant informed defense counsel that he wanted to appeal the denial of pretrial motions, and, if so, whether counsel failed to timely file a notice of appeal after Applicant was sentenced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim that he lost his right to appeal the denial of pretrial motions when defense counsel failed to file a notice of appeal.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: August 19, 2020
Do not publish