COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Okechukwu Oziri Nwosu v. The State of Texas

Appellate case number:      01-20-00320-CR

Trial court case number:    1439656

Trial court:                179th District Court of Harris County

On October 30, 2019, appellant signed a waiver of constitutional rights, agreement to stipulate and judicial confession in which he agreed to plead guilty and the State agreed to reduce the charge from murder to aggravated assault with a deadly weapon, which reduced the charge from a first-degree felony to a second-degree felony. The waiver, stipulation, and judicial confession also contained the statement that appellant "waive[d] any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." The admonishments indicate that appellant agreed that he understood the consequences of his plea. The trial court signed a certification of the defendant's right to appeal on October 30, 2019 and checked the option that defendant had waived his right to appeal.

The PSI hearing was held on March 5, 2020. The clerk's record contains a motion to withdraw plea, which contains no file stamp but the certificate of service includes a date of March 5, 2020, indicating it was filed the same day that the trial court held the PSI hearing. The trial court denied the motion by order signed the same day, March 5, 2020. The trial court then signed a judgment of conviction of the offense of aggravated assault with a deadly weapon on March 5, 2020, indicating that the terms of the plea bargain were that the charge was reduced from a first-degree felony. The trial court sentenced appellant to 15 years' incarceration in the Texas Department of Criminal Justice, Institutional Division. The trial court also signed another certification of defendant's right to appeal, checking the option that this was a plea-bargain case but that matters were raised by written motion and ruled on before trial and that the defendant had the right to appeal.

Because the State finds the two certifications of the defendant's right to appeal in the record in this case to be conflicting, the State has filed a motion to abate this appeal and remand to the trial court for a determination whether this Court has jurisdiction over the appeal, whether this is a plea-bargain case, and whether any written motions were filed and ruled on before trial. A certification of the appellant's right to appeal which is correct in form but inaccurate when compared to the record is a defective certification. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex.

Crim. App. 2005). When an appellate court has a record, it is obligated to review the record to ascertain whether the trial court's certification is defective and, if it is defective, to use Rules 37.1 and 34.5(c) to obtain a correct certification. *Id.* at 614–15; *see* TEX. R. APP. P. 34.5(c), 37.1.

The first certification shows the trial court's determination that appellant had waived the right to appeal. The second certification shows the trial court's determination that, though this is a plea-bargain case, appellant may appeal matters raised by a written motion filed and ruled on before trial. Having reviewed the record, we believe the second certification may be incorrect because the written motion to withdraw appellant's plea may not be a pretrial motion for which appeal is permitted. *See Crymes v. State*, No. 01-15-00206-CR, 2015 WL 7455823, at *2 (Tex. App.—Houston [1st Dist.] Nov. 24, 2015, pet. ref'd) (holding that motion is not filed and ruled on "before trial" if trial court has taken case under advisement and case is taken under advisement once trial court has passed case for preparation of pre-sentence investigation, pronounced defendant guilty and is proceeding to judgment, or has accepted plea and stipulation of evidence and has admonished defendant).

Appellant has filed a response to the State's motion, opposing abatement and stating that the trial court has a new judge who cannot know the prior judge's intentions. Appellant further asserts that the State can appeal the amended certification, citing *Marsh v. State*, 444 S.W.3d 654 (Tex. Crim. App. 2014). But by filing the motion to abate, the State has raised an appellate complaint about the second certification and the State need not wait until preparation of its brief to challenge the second certification. Moreover, the trial court's determination of the defendant's right to appeal is governed by Rule 25.2. Whatever intentions the original trial judge may have had in preparing the second certification, the determination of the right to appeal is limited to the record and case law interpreting Rule 25.2(a).

Accordingly, we **grant** the State's motion, **abate** the appeal, and **remand** to the trial court for further proceedings. On remand, the trial court shall conduct a hearing **within 20 days of the date of this order** at which a representative of the Harris County District Attorney's Office and appellant's counsel shall be present. We direct the trial court to make findings concerning the following:

1) whether appellant has the right to appeal under Rule 25.2(a)(2); and
2) if necessary, execute an amended certification of appellant's right to appeal;
3) make any other findings and recommendations the trial court deems appropriate; and
4) enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 30 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 30 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 35 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: ____Justice Richard Hightower_____
                              ☑ Acting individually     ☐ Acting for the Court


Date:   ___August 17, 2021_____