

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00200-CR

**JOSE RAUL REYNA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court
Leon County, Texas
Trial Court No. 20-0019CR**

## MEMORANDUM OPINION

Appellant, Jose Raul Reyna, filed his pro se notice of appeal on May 4, 2023 in an attempt to appeal the trial court's purported denial of his pre-trial motion to suppress. Because Reyna expressly waived the right of appeal, we dismiss this appeal.

Texas Rule of Appellate Procedure 25.2(a)(2)(A) grants defendants who plead guilty as part of a plea bargain the right to appeal matters that were raised by written motion filed and ruled on before trial. TEX. R. APP. P. 25.2(a)(2)(A). Reyna alleges that he

filed a written motion to suppress that the trial court denied before trial. Thus, under Rule 25.2(a)(2)(A), Reyna had the right to bring an appeal. However, a defendant may waive this right, as long as the waiver is made "voluntarily, knowingly, and intelligently." TEX. CODE CRIM. PROC. ANN. art. 1.14(a); *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014). When an appellant waives his right to appeal as part of his plea bargain agreement with the State, a subsequent notice of appeal filed by him fails to "initiate the appellate process." *Lundgren v. State*, 434 S.W.3d 594, 599 (Tex. Crim. App. 2014).

The trial court signed a Certification of Defendant's Right of Appeal, indicating that this "is a plea bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." That same document includes a section signed by Reyna stating, "I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case . . . ." Accordingly, Reyna waived his right to appeal from the ruling on his pretrial motion to suppress. *See Marsh*, 444 S.W.3d at 660.

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. *See* TEX. R. APP. P. 25.2(d). Absent a trial court's certification of appellant's right of appeal showing Reyna has the right of appeal, we must dismiss this appeal. *See id; see also Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (held that court of appeals "must dismiss a prohibited appeal without further action, regardless of the basis for the appeal" if the trial court's certification shows there

is no right to appeal).  Because the trial court's certification shows there is no right to appeal, this appeal is dismissed.

STEVE SMITH
Justice

Before Chief Justice Gray
      Justice Johnson, and
      Justice Smith
Appeal dismissed
Opinion delivered and filed July 26, 2023
Do not publish
[CR25]

