

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00311-CR

---

BRANDON WAYNE PATTERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court 4
Tarrant County, Texas[1]
Trial Court No. 1630496, Honorable Andy Porter, Presiding

---

March 19, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Brandon Wayne Patterson, appeals from the trial court's judgment revoking his deferred adjudication community supervision, adjudicating him guilty of the offense of possession with intent to deliver a controlled substance,[2] and sentencing him

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

[2] TEX. HEALTH & SAFETY CODE § 481.112.

to serve fifteen years in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

## BACKGROUND

In January 2021, Appellant pleaded guilty to the manufacture/delivery of a controlled substance in an amount of four grams or more but less than 200 grams.[3]  In exchange for his plea, he was placed on deferred adjudication community supervision for a period of five years.

In March 2025, the State filed a petition to proceed to an adjudication of Appellant's guilt, alleging he had violated the terms and conditions of his community supervision.  The State amended its petition twice and on August 7, 2025, Appellant pleaded true to several of the State's allegations.[4]  Appellant was then instructed to appear in court at 10:45 on Thursday, August 21, 2025.  Appellant did not appear until past noon.  Under the terms of the negotiated plea agreement, Appellant forfeited the agreed-upon sentence of five years of imprisonment by failing to appear on time.  Consequently, the agreed-upon plea became an open plea.

In September 2025, the trial court held a hearing on the open plea.  Following the presentation of evidence, the trial court found Appellant guilty, revoked his community

---

[3] This was a lesser-included offense of the offense with which he was originally charged.

[4] A plea of true, standing alone, is sufficient to support revocation of community supervision.  *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Quinonez v. State*, No. 02-24-00225-CR, 2025 Tex. App. LEXIS 1307, at *2–3 (Tex. App.—Fort Worth, Feb. 27, 2025, pet. ref'd) (mem. op., not designated for publication).

supervision, and assessed punishment as noted. The trial court certified Appellant's ability to appeal this matter as to "sentencing only."

## ANALYSIS

Through a single issue, Appellant argues the trial court erred in failing (1) to inform him of the consequences of pleading "true" in a revocation hearing, and (2) to admonish him regarding the range of punishment to which he was subject. We overrule the issue.

Appellant contends the trial court erred when it failed to admonish him of his right to plead "not true" to the allegations, thus requiring the State to prove its allegations. The record shows Appellant waived his right to appeal, with the exception of issues concerning sentencing. When a defendant validly waives his right to appeal, the court of appeals lacks jurisdiction over the matter. *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014). There is an exception when a plea is not made voluntarily, knowingly, and intelligently. *See Ex parte Delaney*, 207 S.W.3d 794, 795–96 (Tex. Crim. App. 2006) (explaining a valid waiver of the right to appeal is one that was made voluntarily, knowingly, and intelligently and the appellate court lacks jurisdiction when a valid waiver exists). Here, however, Appellant does not argue his pleas of true were not made voluntarily, knowingly, and intelligently.

If we construe Appellant's issue to be related to sentencing, thereby allowing us to reach the merits of Appellant's claims, we still cannot agree with his contentions.

First, while due process principles apply to revocation hearings, *Hughes v. State*, 691 S.W.3d 504, 514 (Tex. 2024), those principles do not require the trial court to admonish Appellant of his right to enter a plea of not true, thus requiring the State to

3

present proof of its allegations. *See, e.g., Carr v. State*, No. 07-13-00159-CR, 2014 Tex. App. LEXIS 2659, at *5–6 (Tex. App.—Amarillo Mar. 6, 2014, no pet.) (mem. op., not designated for publication) (stating that, as a matter of State law, statutory requirements set forth in articles 26.13 and 27.13 of the Code of Criminal Procedure do not apply to revocation proceedings). *See also Johnson v. State*, No. 02-22-00195-CR, 2023 Tex. App. LEXIS 2275, at *5–6 (Tex. App.—Fort Worth Apr. 6, 2023, no pet.) (mem. op., not designated for publication) (agreeing with conclusion in *Carr* and similar cases). Further, even if the trial court was required to do so, the plea paperwork in the record establishes that Appellant knew and was aware of the consequences of his plea.

Next, Appellant argues he was not, prior to entry of his pleas of true, informed of the applicable range of punishment to which he was subject, i.e., five to 99 years of imprisonment.

The requirement to admonish a defendant about the range of punishment arises at the time of the initial plea prior to accepting a guilty plea. TEX. CODE CRIM. PROC. art. 26.13. It does not strictly apply at the time of revocation. *Id.* Further, any error requires reversal only if it affects the defendant's substantial rights. TEX. R. APP. P. 44.2(a); *Wyatt v. State*, 951 S.W.2d 144, 147 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd). To show harm, a defendant must prove that (1) he was not personally aware of the information contained in the statutory admonishments, and (2) had he been given such admonishments, he would not have entered a plea of guilty or nolo contendere. *Id.*

Appellant claims the trial court failed to properly admonish him of the applicable punishment range prior to his entering his pleas of true. He contends the written plea admonishments are also silent on this point. He points to the admonishments presented

4

in conjunction with what would have been the agreed-upon plea prior to his forfeiture of same by failing to timely appear. Those admonishments reference only the punishment agreement of five years of imprisonment. However, the signed original written plea admonishment and judicial confession each included the statement: "FIRST DEGREE FELONY: Imprisonment for life or any term of not more than 99 years or less than 5 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed."[5] Therefore, Appellant was admonished, and thus aware of, the applicable punishment range well before he pleaded true to the State's allegations. Moreover, we note those admonishments also included a provision explaining an open plea, which is ultimately what occurred in this matter after Appellant forfeited the agreed-upon plea. And, the plea paperwork signed on August 7, 2025, included a provision explicitly explaining the consequences of pleading true.[6]

Importantly, Appellant also indicated his understanding of the severity of the sentence he was facing when he testified before the court during the punishment hearing. In addition to other statements, he answered, "Yes, sir" when the prosecutor asked him if he understood that the trial court had a "very wide range, all the way up to 99 years or

---

[5] We do not have before us the record of the hearing held on August 7, 2025, during which Appellant pleaded true to the State's allegations.

[6] One of the provisions provided: (P) I understand that if I have entered a plea of true to any allegation in a motion to revoke community supervision that the Court may set my punishment anywhere from the minimum of the range of punishment up to and including the amount of time in my original sentence. I understand that if I have entered a plea of true to any allegation in a petition to proceed to adjudication that my punishment can be set anywhere within the range of punishment prescribed by law for this offense.

life . . . in this case." This too indicates Appellant's personal awareness of the information contained in the statutory admonishments.

We resolve Appellant's sole issue against him and affirm the judgment of the trial court.

Alex Yarbrough
Justice

Do not publish.