ACCEPTED
04-15-00384-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/20/2015 1:30:10 PM
KEITH HOTTLE
CLERK

## No. 04-15-00384-CR

IN THE
FOURTH COURT OF APPEALS OF TEXAS
AT SAN ANTONIO, TEXAS

**RAYMOND ZAPATA**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

## RESPONSE TO THE ORDER PROPOSING TO DISMISS THIS APPEAL PURSUANT RULE 25.2(d) OF THE TEXAS RULES OF APPELLATE PROCEDURE

TO THE HONORABLE COURT OF APPEALS:

Comes now RAYMOND ZAPATA, Appellant, by and through undersigned counsel, in reply to the ORDER of this Honorable Court dated July 16, 2015, and shows the Court the following:

### I.    Procedural history:

Zapata was charged by indictment in cause number 2014CR6345 with one count aggravated robbery. (CR at 4). This offense was alleged to have been committed in Bexar County, Texas, on or about April 27, 2014. Zapata was represented by attorney Vincent D. Callahan.

On June 12, 2015, pursuant to a written plea agreement with the State, Zapata pleaded guilty to the offense alleged in the indictment. The parties agreed

in writing that the punishment would be assessed at 50 years of imprisonment with a $2,000 fine. (CR at 34). The sentence would run concurrent with the aggravated robbery case in cause number 2014CR6346. (CR at 34). As part of the plea agreement, Zapata agreed in writing to voluntarily waive the right of appeal. (CR at 34) . By his signature, the trial court approved Zapata's waiver and voluntary relinquishment of his known rights, including his waiver of the right of appeal. (CR at 38).

On June 12, 2015, the trial court, the Honorable Steven C. Hilbig presiding, followed the terms of the plea agreement and sentenced Zapata to 50 years of imprisonment in the Institutional Division with a $2,000 fine. (CR at 60-1). The sentence was ordered to be served concurrently with the sentence imposed in cause number 2014CR6346. (CR at 60). The trial court accurately certified that this is a plea-bargain case and that Zapata has "NO right of appeal." (CR at 62). By his signature on the certification, Zapata acknowledged that he was informed that he has no right of appeal.

Despite having waived the right of appeal as part of his plea agreement, Zapata timely filed a pro se notice of appeal with the District Clerk on June 25, 2015. (CR at 65-6). On June 25, 2015, the trial court appointed the Bexar County Public Defender's Office to represent Zapata in his attempted appeal. (CR at 68). The clerk's record was filed on July 9, 2015. On July 16, 2015, this Court gave

2

written notice that the appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that Zapata has the right to appeal is made part of the appellate record by August 14, 2015. This is court-appointed counsel's response to the Court's ORDER.

## II.    No right of appeal:

In a plea-bargain case where the sentence does not exceed the agreed-upon punishment, the defendant may appeal only matters that were raised by written motion and ruled upon before trial, or by getting the trial court's written certification that he has permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).

This was a plea-bargain case. As noted above, the clerk's record shows that Zapata entered a guilty plea to the charged offense pursuant to the terms of a written plea agreement with the State. The trial court followed that plea agreement by sentencing Zapata to 50 years of imprisonment with the sentence to run concurrently with cause number 2014CR6346. The trial court accurately certified that this is a plea-bargain case and that Zapata has "NO right of appeal" because the plea agreement was followed. Zapata, by his signature, acknowledged that he was informed that he has no right of appeal. Further, he voluntarily waived the

3

right of appeal in writing when he signed the written plea agreement. (CR at 34). For these reasons, the trial court's certification of the defendant's right of appeal accurately reflects that this is a plea-bargain case, that the terms of the plea bargain were followed, and that Zapata has no right of appeal.

## III. Waiver:

A defendant may waive the right of appeal, as long as the waiver is made "voluntarily, knowingly, and intelligently." *See* TEX. CODE CRIM. PROC. art. 1.14 ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law."); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). The clerk's record shows that Zapata voluntarily waived the right of appeal in writing as part of the plea agreement and the trial court approved that waiver. Undersigned counsel can identify nothing in the clerk's record to show that the trial court failed to follow the terms of the plea bargain, or that Zapata's written waiver of the right of appeal was involuntary.

Since Zapata has validly and voluntarily waived the right of appeal and accepted the benefit of his plea bargain, this Court has not acquired jurisdiction over the attempted appeal in this case. *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014)("...because Appellant had validly waived his right to appeal, the court of appeals never acquired jurisdiction."). If Zapata now wishes to argue that he received ineffective assistance from his plea counsel or that his guilty plea was

4

involuntary, he will have to raise those arguments in a post-conviction writ. He cannot make those arguments in this attempted appeal. *See* TEX.R.APP.P. 25.2(a)(2).

**IV.    No amended trial court certification will be sought by counsel:**

For all of the reasons stated above, the undersigned attorney can find no right of appeal for Zapata. Nothing in the record suggests that the trial court intended to give Zapata permission to appeal or that any appealable pretrial motions were filed and ruled on. In fact, as noted above, Zapata explicitly waived the right of appeal in writing as part of the plea agreement. The waiver is enforceable against him. For that reason alone, the trial court's certification that he has no right of appeal is accurate. *Marsh*, 444 S.W.3d at 660.

In short, undersigned counsel can find no reason to seek an amended certification from the trial court that would give Zapata the right of appeal. The certification is accurate in that it comports with the proceedings in the trial court. Therefore, the undersigned cannot prevent this Court from dismissing this attempted appeal. Undersigned counsel also cannot raise legal claims—such as an argument that plea counsel rendered ineffective assistance —in this attempted direct appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006)(where the defendant has no right to appeal after his plea bargain, dismissal

5

of the appeal is required, with no inquiry by the appellate court into even possibly meritorious claims).

## V. Relief available:

Although the Court of Appeals will dismiss this this appeal, Zapata may still challenge his conviction *after the mandate issues* by filing an application for a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. He may also seek relief by filing an original petition for a writ of certiorari with the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 4.04 (West 2005), and TEX. CONST. art. V, § 5. However, undersigned counsel is appointed to represent Zapata on direct appeal only. He will not represent or assist Zapata with any post-conviction or original-proceeding challenges to his conviction and sentence. Zapata will have to pursue those remedies on his own, or with retained counsel, if he so chooses.

WHEREFORE, undersigned counsel, is compelled to concede that Zapata has no right of appeal from the underlying criminal case and must also concede that the Honorable Court of Appeals may dismiss this appeal for that reason. No amended certification of the defendant's right of appeal will be sought.

Respectfully submitted,

/s/ Richard B. Dulany, Jr.

_____
RICHARD B. DULANY, JR.
Texas Bar No. 06196400

6

Assistant Public Defender
Bexar County Public Defender's Office
101 W. Nueva St., Suite 310
San Antonio, Texas 78205
(210) 335-0701
FAX (210) 335-0707
richard.dulany@bexar.org

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE AND COMPLIANCE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing response has been delivered electronically to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on **July 20, 2015**. The total word count is 1,458, not including the appendix.

/s/ Richard B. Dulany, Jr.

_____
RICHARD B. DULANY, JR.

Appendix:  Trial Court's Certification of Defendant's Right of Appeal in cause
numbers 2014CR6345

No. 2014-CR-6345



The State of Texas       §      In the _187th_ District Court

vs.       §       of

Raymond Zapata, JR.       §       Bexar County, Texas

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

- ☐   is not a plea-bargain case, and the defendant has the right of appeal; (or)

- ☐   is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal; (or)

- ☐   is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal; (or)

- ☑   is a plea-bargain case, and the defendant has NO right of appeal; (or)

- ☐   is a revocation of the defendant's community supervision, and the defendant has the right to appeal the court's action revoking the community supervision, but not the underlying conviction; (or)

- ☐   is an adjudication of guilt following a deferred adjudication, and the defendant has a limited right of appeal; (or)

- ☐   is a decision on the defendant's motion for forensic DNA testing and the defendant has the right of appeal; (or)

- ☐   is one in which the defendant has waived the right of appeal.

_____
**JUDGE**

_6/12/15_
Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 68.2.

_____
DEFENDANT

Mailing address:_____
Telephone number:_____

Fax number if any:_____

I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____
ATTORNEY FOR DEFENDANT

Bar number: _03651700_
Mailing address: _POB 12141_
_SA TX 78212_
Telephone: _2ro-733-3404_
Fax:_____

*"A defendant in a criminal case has the right of appeal under Code of Criminal Procedure Article 44.02 and these rules. This trial court shall enter a certification of the defendant's right of appeal each time it enters a judgement of guilt or other appealable order. In a plea bargain case - that is, a case in which a defendant's plea was guilty or nolo contedere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF OF APPELLATE PROCEDURE 25.2(a)(2).

62