**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00029-CR**
_____

**DAVID WAYNE BRANTLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CR34212**
_____

**MEMORANDUM OPINION**

David Wayne Brantley was indicted for possession of a controlled substance with intent to deliver, "namely, methamphetamine, in an amount of one gram or more but less than four grams," in trial cause number CR34212. *See* Tex. Health & Safety Code Ann. § 481.112(c). The indictment also alleged a prior felony conviction of "Possession of Controlled Substance (3rd [degree])[.]" *See* Tex. Penal Code Ann. § 12.42. There was also a pending related charge in cause number

1

CR34791 for the manufacture or delivery of substance in Penalty Group 1, in an amount of one gram or more, but less than four grams.

The record demonstrates that on October 15, 2019, the case was called for trial and Brantley, his defense attorney, and the State's attorney appeared and announced they had reached an agreement. Under the agreement, Brantley agreed to plead guilty to the charges and true to the enhancement paragraph, allow a PSI to be completed, and have the trial court assess punishment. In exchange for his plea, the State agreed it would waive a jury trial and allow Brantley to "12.45" the other related charge.[1] The State introduced exhibits at the October 15th hearing which included signed Written Plea Admonishments, waivers and stipulations, together with a written Agreed Punishment Recommendation, and a Post-Conviction Waiver.

The trial court verbally admonished Brantley and Brantley confirmed on the record that he understood the charges against him, the range of punishment, that he is pleading guilty, admitting his guilt, waiving a jury trial, and giving up his right to appeal. Brantley also verbally confirmed he was pleading "true" to the enhancement

---

[1] Texas Penal Code section 12.45, "Admission of Unadjudicated Offense[,]" allows a defendant, with the consent of the State's attorney, to admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the trial court take each into account in determining his sentence for the offense of which he has been found guilty. *See* Tex. Penal Code Ann. § 12.45.

2

paragraph, was pleading guilty because he was guilty, and that he had done so freely and voluntarily.

On January 23, 2020, the trial court reconvened for a sentencing hearing. The State and Brantley appeared with their attorneys, the trial court received the PSI with two letters presented by the defense, heard testimony from Liberty County Sheriff's Deputy John Michael Mendoza, admitted evidence, and heard arguments from the attorneys. The trial court found the evidence supported a finding of guilt, found Brantley guilty of the offense as charged, and assessed punishment at 25 years in the Institutional Division of the Texas Department of Criminal Justice. The trial court signed a Judgment of Conviction by Court—Waiver of Jury Trial on January 24, 2020. The trial court also entered the Trial Court's Certification of Defendant's Right of Appeal, which reflects Brantley's initials and signature and states that it was "a plea-bargain case, and the defendant has NO right of appeal[.]" Brantley filed a notice of appeal on January 23, 2020. On February 21, 2020, Brantley's attorney filed a Motion to Amend Certificate of Appealability in the trial court, arguing that the Certificate was defective because he had a plea agreement, but had no agreement on punishment and should have the right to appeal his sentence. The trial court denied the motion.

The appellate rules provide that, if the "certification of [a] defendant's right of appeal in a criminal case is defective, the clerk must notify the parties of the defect so that it can be remedied, if possible." Tex. R. App. P. 37.1. Our clerk of court notified the parties that absent a certification from the trial court that the defendant has the right of appeal, the appeal would be dismissed. The defendant filed a response and argued that because he agreed to a plea but there was no agreement on the punishment and because he did not enter into a bargained-for-exchange such that he waived his right of appeal, he has the right to appeal his sentence and the certificate is erroneous. We requested and received the full record from the trial court.

The Court of Criminal Appeals has held that a defective certification includes one that is "correct in form but which, when compared with the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). A certification that is contrary to the record before the appellate court is defective. *Id.* at 615. An appellate court is obligated to review the record to determine if the certification is contrary to the record and therefore defective. *See id.*; *see also Marsh v. State*, 444 S.W.3d 654, 659 (Tex. Crim. App. 2014) (an appellate court is "obligated to compare the certification with the record to ascertain whether a certification is defective and act accordingly").

4

According to the record in this case, Brantley agreed to plead guilty to possession of a controlled substance with intent to deliver and agreed to the enhancement paragraph, in exchange for the State's agreement to waive a jury trial and allow Brantley to make an admission of guilt under Texas Penal Code section 12.45 on the related unadjudicated charge. Brantley and his attorney announced the agreement on the record and Brantley executed written waivers and stipulations that are in the record. Even though the State and Brantley did not agree upon a sentence recommendation, the record demonstrates that consideration was given by the State for the waiver and Brantley waived his right to an appeal. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (a defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver).

We conclude that the trial court's certification is not defective. *See Kennedy v. State*, 297 S.W.3d 338, 339 (Tex. Crim. App. 2009) (holding that a charge bargain constitutes a plea agreement for purposes of Tex. R. App. P. 25.2(a)(2)); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (concluding that in a charge-bargain case, the defendant may only appeal matters he either raised by written motion that was filed and ruled on before trial or matters he received the trial court's permission to appeal). Because the record does not contain a certification that shows

Brantley has the right of appeal, we must dismiss the appeal. *See* Tex. R. App. P.

25.2(d). Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

PER CURIAM

Submitted on May 5, 2020
Opinion Delivered May 6, 2020
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.