

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00135-CR

_____

MATTHEW REGAN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. F19-2862-367

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant Matthew Regan attempts to appeal from his conviction for misdemeanor driving while intoxicated (DWI). However, because Regan was convicted after pleading guilty, which was the result of a plea-bargain agreement with the State in which he expressly waived his right to appeal, and because the trial court has certified that Regan does not have the right to appeal, we dismiss his attempted appeal.

Regan was indicted with felony DWI. *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2). In exchange for Regan's guilty plea, the State agreed to seek a conviction for the lesser-included offense of Class A misdemeanor DWI, for which Regan would receive 24 months of community supervision and a $1,500 fine. *See id.* § 49.09(a).

On August 27, 2020, Regan pleaded guilty to misdemeanor DWI and signed a judicial confession that included a waiver of appeal:

> I understand that where there is a plea bargain agreement and the punishment assessed by the Court does not exceed the agreed recommendation, I do not have the right to appeal without permission of the Court, except for those matters raised by written motions and presented to the Court prior to trial and that I have the right to be represented on appeal by an attorney . . . . With a full understanding of the foregoing, I hereby, with the consent and approval of my attorney, in person, in writing, and in open court waive the right to any appeal in this case and state that I do not desire to appeal.

The trial court found that Regan's guilty plea was freely and voluntarily made and adjudged him guilty of misdemeanor DWI. The trial court entered a judgment of conviction that sentenced Regan to 365 days' confinement with a $1,500 fine,

2

suspended the sentence of confinement, and placed Regan on community supervision for 24 months. *See* Tex. Code Crim. Proc. Ann. art. 42A.053(a). One of the conditions of community supervision prohibited Regan from owning or possessing a firearm. The trial court then signed a certification that Regan did not have the right to appeal because of the plea bargain and because of the express waiver. *See* Tex. R. App. P. 25.2(a)(2), (d); *see also* Tex. Code Crim. Proc. Ann. arts. 1.14(a), 44.02.

On September 17, Regan objected to the firearm prohibition imposed as a condition of community supervision, arguing that it violated his right to due process, was not related to his offense, and was unreasonable. After a hearing, the trial court overruled Regan's objection on September 24. On September 28, Regan filed a notice of appeal, specifying that he desired to appeal the firearm-prohibition condition.

We notified Regan that we questioned whether we could continue his appeal based on his express waiver and on the trial court's certification and invited his response, warning that we could dismiss his appeal. *See* Tex. R. App. P. 44.3. Regan responded and first asserted that the certification was incorrect because he had challenged the community-supervision condition in a written motion that was ruled on by the trial court. But Regan filed his objection after the condition was imposed, which was after the guilty-plea proceeding. *Cf. Damron v. State*, No. 02-08-00399-CR, 2010 WL 1006392, at *3 (Tex. App.—Fort Worth Mar. 18, 2010, no pet.) (mem. op., not designated for publication) (recognizing Rule 25.2 permitted plea-bargaining

3

defendant to appeal community-supervision condition because motion objecting to the condition had been filed and ruled on before the plea proceeding).

Regan's second line of attack is his argument that because he was placed on deferred-adjudication community supervision, there was no conviction, which allows him to challenge the community-supervision condition notwithstanding his plea-bargained guilty plea. Regan is incorrect: Adjudication of his guilt was not deferred, and a judgment of conviction was entered. Thus, even if Regan's arguments regarding Rule 25.2 in the deferred-adjudication context are correct, Rule 25.2 applies here. *See, e.g.*, *Evans v. State*, No. 06-11-00152-CR, 2011 WL 5843044, at *1 (Tex. App.—Texarkana Nov. 22, 2011, no pet.) (mem. op., not designated for publication); *Lundgren v. State*, No. 02-11-00023-CR, 2011 WL 754344, at *1 (Tex. App.—Fort Worth Mar. 3, 2011, no pet.) (per curiam) (mem. op., not designated for publication).

The record before this court does not show that Regan's sentence exceeded the State's recommendation, that Regan desires to appeal a matter that was raised by written motion filed and ruled on before trial, or that the trial court granted Regan permission to appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2). Thus, in accordance with the trial court's certification and Regan's waiver of his right to appeal, we dismiss his appeal.[1] *See* Tex. R. App. P. 25.2(d), 43.2(f);

---

[1]Regan also argues that declining to hear his appeal will require him to file a writ of habeas corpus and that "[s]uch legal maneuvers are entirely unnecessary and wasteful." Regan is nonetheless bound by the required procedures to invoke our jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

4

*Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014); *Chavez v .State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  February 25, 2021