# NO. 12-21-00013-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEREMY LYNN FORAKER,* *APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Jeremy Lynn Foraker pleaded "guilty" to assault by impeding breath or circulation against a family member, with a previous conviction. The trial court sentenced him to eight years in prison. Appellant filed a notice of appeal to challenge the denial of his pretrial motion to suppress.

The clerk's record has been filed. The trial court's certification of Appellant's right to appeal states that this is a plea bargain case and Appellant has no right of appeal. The certification is signed by Appellant and his counsel. *See* TEX. R. APP. P. 25.2(d). On April 22, 2021, the Clerk of this Court notified Appellant that the clerk's record failed to show this Court's jurisdiction in that it includes the trial court's certification that this is a plea bargain case and Appellant has no right of appeal. *See* TEX. R. APP. P. 37.1. Based on the certification, the notice stated that it appears the appeal should be dismissed. The notice warned that the appeal would be referred to the Court for dismissal unless, on or before May 3, Appellant informed the Court in writing of any grounds for continuing the appeal. Appellant filed a motion to extend the time for responding to the notice, which this Court granted to May 19. On May 19, the trial court signed a letter to this Court, which stated that after reviewing the file and information provided by Appellant's court appointed counsel, the trial court determined that Appellant was not entitled to an appeal.

Our review of the record indicates that the plea agreement contained a punishment recommendation of eight years in prison. The document entitled "admonishments, voluntary statements, waivers, stipulation[s], judicial confession and plea agreement-felony" contained the following pertinent provisions:

> …If the Court follows the plea agreement and assesses the agreed punishment the defendant cannot appeal the case without the Court's permission *unless based on motions previously filed*.
>
> …
>
> *This is a plea bargain case and the defendant has NO right of appeal.* []I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the court of appeals. TEX. R. APP. P. 68.2 I acknowledge that, if I wish to appeal this case *and if I am entitled to do so*, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any changes in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

(Emphasis added). Appellant and his counsel signed this document. Attached to the document is an order accepting plea/certification, which states as follows:

> …The Defendant was admonished that he had 10 days in which to file a Motion for New Trial or Motion in Arrest of Judgment; the Defendant waived such time and requested to be sentenced immediately, and sentence was imposed. The Defendant was then informed that he had 30 days in which to file a Motion of Appeal and if indigent, counsel could be appointed to appeal. *The Defendant then in open Court waived his right to appeal in writing. Defendant was admonished pursuant to TRAP 25.2(a)(2).* The Court approves the written waiver of jury trial, all waivers of rights, and the defendant's judicial confession.

(Emphasis added). At the plea hearing, the trial court asked Appellant, "Do you understand that if you voluntarily waive your rights and plead guilty that you lose your right to appeal except under very limited circumstances?" Appellant acknowledged his understanding. The trial court also admonished Appellant that "if you voluntarily waive your rights []you lose your right to appeal except under very limited circumstances," and Appellant again confirmed his understanding. The judgment states, "Appeal waived. No permission to appeal granted."

Appellant filed his motion to suppress on November 14, 2019, the trial court denied the motion on October 20, 2020, and Appellant pleaded "guilty" on January 14, 2021. The record

does not contain an express waiver of the right to appeal pretrial motions, such as the denial of Appellant's motion to suppress, and suggests that Appellant may have retained his right to appeal under Rule 25.2(a)(2)(A). *See* TEX. R. APP. P. 25.2(a)(2)(A) (in plea bargain case, i.e., in which defendant's plea was guilty or nolo contendere and punishment did not exceed that recommended by prosecutor and agreed to by defendant, a defendant may appeal only those matters raised by written motion filed and ruled on before trial); *see also* **Marsh v. State**, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (Rule 25.2(a)(2)(A) grants defendants who plead guilty as part of a plea bargain the right to appeal pretrial motions; a defendant may waive this right, as long as the waiver is voluntarily, knowingly, and intelligently made); *see also* **Ex parte Peyton**, No. WR-91,328-01, 2020 WL 4810764, at *1 (Tex. Crim. App. Aug. 19, 2020) (per curiam order, not designated for publication) ("Even though he pleaded guilty pursuant to a plea agreement on punishment, Applicant had the right to appeal the denial of his pretrial motions after he was sentenced unless he expressly waived this right"). Accordingly, we concluded that the record was not entirely clear as to whether the certification was correct that Appellant had no right of appeal. *See* **Dears v. State**, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We remanded to the trial court to (1) issue a new certification, or (2) if Appellant is not entitled to appeal, issue findings of fact and conclusions of law explaining how Appellant waived his right to appeal the denial of his pretrial motion to suppress.

The trial court subsequently issued findings of fact, including findings that Appellant "understood that if the Court accepted the plea bargain, he would lose his right to appeal except under limited circumstances," the plea papers and the certification state Appellant has no right of appeal, Appellant has not provided a "request to appeal his case outlining any limited circumstances that would cause this court to grant permission to appeal," and the court is not granting permission to appeal. The trial court concluded, as a matter of law, that Appellant has no right to appeal.

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. TEX. R. APP. P. 25.2(d). This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. While this Court may require a trial court to certify whether there is a right to appeal, we may not dictate the contents of the certification. *See* **Greenwell v. Court of Appeals**

3

*for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 n.24 (Tex. Crim. App. 2005) (orig. proceeding). Absent a certification granting Appellant the right to appeal, we must ***dismiss*** the appeal. *See* TEX. R. APP. P. 25.2(d); *see also* **Menefee v. State**, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009) (consistent with ***Dears***, appellate court could examine certification for defectiveness and, if appropriate, use Rules 37.1 and 34.5(c) to obtain new certificate; if new certificate were to certify that appellant waived right to appeal, then appellate court could only exercise jurisdiction to dismiss appeal under Rule 25.2(d)).

Opinion delivered June 17, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 17, 2021

NO. 12-21-00013-CR

**JEREMY LYNN FORAKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-19-34175)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*