**DISMISS and Opinion Filed October 10, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00373-CR**

**TORON EUGENE WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F21-00542-N**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen III, and Garcia
Opinion by Justice Garcia

Toron Eugene Williams filed a notice of appeal to challenge his conviction

for injury to a child causing serious bodily injury. The trial court filed a certification

showing (1) appellant was convicted pursuant to a plea bargain and has no right to

appeal, and (2) he has waived the right to appeal. Because the record supports the

trial court's certification regarding waiver of the right to appeal, we dismiss this

appeal for want of jurisdiction.

A defendant in a criminal case has the right of appeal as set out in the code of

criminal procedure and the rules of appellate procedure. *See* TEX. CODE CRIM. PROC.

ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2). Rule 25.2(a)(2) provides that in a plea-

bargained case in which the trial court assesses punishment that does not exceed the punishment to which the defendant agreed, the defendant may appeal only those matters raised by written motion filed and ruled on before trial, after getting the trial court's permission to appeal, or if the appeal is specifically authorized by statute. *See* TEX. R. APP. P. 25.2(a)(2).

A waiver of the right to appeal is enforceable if it is made voluntarily, knowingly, and intelligently. *See Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016). In assessing whether appellant agreed to waive his right to appeal, we consider the written agreement and the formal record to determine the terms of the parties' agreement. *Id*. The waiver is not valid unless the defendant received valuable consideration for it from the State. *See Carson v. State*, 559 S.W.3d 489, 495 (Tex. Crim. App. 2018).

The record shows appellant and the State entered into a written plea agreement under which appellant agreed to enter an open plea of guilty and waive his right to appeal in exchange for the State's agreement to cap his sentence at thirty years. The plea agreement bears the signatures of appellant, appellant's counsel, the prosecutor, and the trial court. The trial court followed the plea agreement and assessed punishment at thirty-years' imprisonment.

Although the judgment and plea agreement refer to the parties' agreement as an "open plea," the parties' agreement to cap punishment is considered "sentence-bargaining." *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003).

–2–

Sentence-bargaining affects punishment and constitutes a plea bargain agreement under appellate rule 25.2 *See id.*; TEX. R. APP. P. 25.2(a)(2).

After reviewing the trial court's certification and the record, the Court issued a letter expressing its concerns regarding its jurisdiction over the appeal and requested jurisdictional letter briefs from the parties.

In his amended letter brief, appellant contends the trial court's certification is incorrect. Appellant points out the case against him was originally filed as a capital murder. While the capital murder case was pending, appellant filed a motion to suppress which the trial court denied. The State later dismissed the capital murder case and filed the current case with a charge of injury to a child causing serious bodily injury.

The record shows appellant did not refile the motion to suppress in the current proceeding nor did he file a motion asking the trial court to adopt the motions filed in the prior proceeding. However, during the sentencing phase of the current case for injury to a child, without introducing the motion into evidence, appellant did object to witness testimony on the ground he had filed a motion to suppress in the capital murder proceeding. The trial court denied his objection.

Appellant contends his objection and reference to the motion, and the trial court's overruling his objection, is sufficient to entitle him to appeal the trial court's pretrial ruling on the motion to suppress. Appellant has filed a motion to supplement the record with documents from the capital murder case and has filed a brief alleging

the trial court erred in denying his motion to suppress. Appellant's letter brief did not address the validity of his waiver of the right to appeal.

The State's letter brief responds that the trial court's certification is correct and appellant has no right to appeal. The State points to appellant's waiver of the right to appeal. Beyond that, the State argues appellant did not refile his motion to suppress in the new case and thus there are no pretrial motions to review if the appeal proceeds.

Because it is dispositive, we turn to the enforceability of appellant's waiver of the right to appeal. The plea agreement between appellant and the State contains a series of optional check boxes for the parties to mark indicating the terms of their agreement. An "X" appears in the check box beside a recitation stating: "I understand that I have a right to appeal to the Court of Appeals. After consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal if the Court follows the terms of the State's recommendation as to sentencing." On the same date as the plea agreement was signed, appellant also signed the trial court's certification of his right to appeal which states he has waived his right to appeal.

During appellant's plea hearing before a magistrate, appellant affirmed to the trial court that his attorney had explained the plea paperwork to him and he understood what he had signed. Although the waiver of the right to appeal was not

—4—

discussed during the plea hearing, nothing that occurred in the plea hearing casts doubt on the validity of appellant's written waiver.

After considering the plea agreement and the formal record, we conclude that appellant voluntarily, knowingly, and intelligently executed a valid waiver of his right to appeal in exchange for the State's agreement to cap his sentence at thirty years' confinement. *See Jones*, 488 S.W.3d at 807–08 (concluding waiver of right to appeal was valid where record showed defendant signed plea agreement waiving right to appeal in exchange for State's agreement to drop enhancement paragraph and defendant also signed certification acknowledging he had no right to appeal).

Because we conclude appellant waived his right to appeal, we do not address whether, in the absence of a valid waiver, appellant would have the right to appeal the ruling on the motion to suppress filed in the dismissed capital murder case. *See Marsh v. State*, 444 S.W.3d 654, 600 (Tex. Crim. App. 2014) (defendant may waive right to appeal ruling on motion to suppress as part of plea bargain); *see also Carson*, 559 S.W.3d at 493 (valid waiver prevents defendant from appealing any issue without trial court consent).

We deny as moot appellant's motion to supplement the record with documents from his dismissed capital murder case.

Because the record supports the trial court's certification stating appellant waived his right to appeal and thus has no right to appeal, we must dismiss the appeal

without further action. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss the appeal for want of jurisdiction.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220373F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TORON EUGENE WILLIAMS,
Appellant

No. 05-22-00373-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-00542-N.
Opinion delivered by Justice Garcia.
Justices Myers and Pedersen III
participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered October 10, 2022