Opinion filed December 14, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00245-CR

_____

## CHRISTOPHER BENNETT WOOTEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 118th District Court

Howard County, Texas

Trial Court Cause No. 16679

## MEMORANDUM OPINION

Appellant, Christopher Bennett Wooten, pleaded guilty to the offense of driving while intoxicated, a third-degree felony, enhanced with a prior felony conviction. *See* TEX. PENAL CODE ANN. § 12.42(a) (West 2019), § 49.09(b) (West Supp. 2023). Appellant pled "true" to the State's enhancement allegation. Pursuant to a plea bargain agreement between Appellant and the State, the trial court assessed Appellant's punishment at imprisonment for fifteen years in the Institutional

Division of the Texas Department of Criminal Justice. Appellant filed a pro se notice of appeal. We dismiss the appeal.

When this appeal was docketed, the clerk of this court notified Appellant by letter that the trial court had certified that this is a plea bargain case in which Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). In our letter, we requested that Appellant's court-appointed counsel respond and show grounds to continue the appeal. Appellant's counsel did not file a response; however, Appellant responded twice. In his first response, Appellant states, among other things, that the use of his prior convictions for driving while intoxicated violates the Double Jeopardy Clause and the Ex Post Facto Clause of the United States Constitution. He further states that the trial court's certification allowed for the appeal of matters raised by written motion, filed, and ruled upon before trial. In his second response, Appellant requests that we "just dismiss" the case so he can file a petition for discretionary review.

Rule 25.2 of the Texas Rules of Appellate Procedure limits a criminal defendant's right to appeal in a plea bargain case. Rule 25.2(a)(2) provides that, in a plea bargain case in which the punishment imposed does not exceed the punishment agreed to by the parties, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2). With regard to subsection (A), a defendant may waive his right to appeal pretrial motions, as long as the waiver is "voluntarily, knowingly, and intelligently" made. *Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 1.14 (West 2005); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). A waiver of this right "will prevent a defendant from appealing without the consent of the trial

court." *Broadway*, 301 S.W.3d at 697 (citing *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003)).

Rule 25.2 also provides that, in the absence of the trial court's certification showing that the defendant has a right of appeal, the appeal "must be dismissed." TEX. R. APP. P. 25.2(d). We note that Rule 25.2 does not permit a plea-bargaining defendant to appeal matters related to the voluntariness of the plea bargain unless the defendant has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

In his pro se notice of appeal, Appellant cites to Rule 25.2(a)(2)(A) and provides an enumerated list of eight issues, concepts, or allegations, including "defective indictment," "illegal ct. charges," "collussion [sic], conspiracy, and illegal act" by the trial court, the district clerk, and his counsel, "illegal sentence," and "confussion [sic] of 118th Dist. Ct. on Dist. Attorney . . . Is it Josh Hamby or Erica Nielsen, never heard of." While we agree that a defendant may appeal "those matters that were raised by written motion filed and ruled on before trial," Appellant does not specify whether the issues, concepts, and allegations he listed were raised by a written, filed motion that was ruled on by the trial court before trial, or in this instance, before his plea. *See* TEX. R. APP. P. 25.2(a)(1)(A). Nevertheless, Appellant waived his right to appeal, and he has not received permission from the trial court to appeal. *Marsh*, 444 S.W.3d at 660; *Broadway*, 301 S.W.3d at 697.

The documents on file in this appeal show that Appellant entered into a plea bargain agreement, that his punishment was assessed by the trial court in accordance with the agreement, and that he waived various rights, including his right to appeal. The waivers were signed by Appellant, his attorney, and the trial court. The trial court certified that Appellant had waived his right of appeal. *See* TEX. R. APP. P. 25.2(d). The documents on file in this cause therefore show that Appellant

waived his right of appeal. Furthermore, the trial court certified that Appellant has no right of appeal. The trial court's certification was also signed by Appellant, Appellant's trial counsel, and the trial court. The documents on file in this court support the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). Accordingly, we must dismiss this appeal without further action. *See* TEX. R. APP. P. 25.2(d); *Marsh*, 444 S.W.3d at 660; *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed.

W. BRUCE WILLIAMS

JUSTICE

December 14, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.