

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00247-CR

Jairo **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 24-02-15061-CR-TDC
Honorable Daniel J. Kindred, Judge Presiding

Opinion by:   Rebeca C. Martinez, Chief Justice

Sitting:   Rebeca C. Martinez, Chief Justice
   Patricia O. Alvarez, Justice
   Luz Elena D. Chapa, Justice

Delivered and Filed: June 5, 2024

DISMISSED

In this appeal, the trial court's certification states that the criminal case, "is a plea-bargain case, and the defendant has NO right of appeal." The certification further states, "[T]he defendant has waived the right of appeal."

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides:

. . . In a plea bargain case — that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant — a defendant may appeal only:

> (A)     those matters that were raised by written motion filed and ruled on before trial,
>
> (B)     after getting the trial court's permission to appeal, or
>
> (C)     where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).  While Rule 25.2(a)(2)(A) grants a defendant who pleads guilty as part of a plea bargain the right to appeal pretrial motions, the defendant may waive such a right, as long as the waiver is made "voluntarily, knowingly, and intelligently."  *See Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. art. 1.14; *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009)).[1]

The clerk's record in this appeal contains a written plea bargain, signed by appellant and his trial counsel, which provides in relevant part:

> **Negotiated Plea & Appeal**: If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, you must receive the Court's permission before you may appeal any matter except matters raised by written motion(s) filed prior to trial.

The record shows that the punishment assessed in this case by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant.  *See* TEX. R. APP. P. 25.2(a)(2).  Although the clerk's record in this case contains written motions filed by appellant, appellant validly waived his right to appeal any rulings on these motions.  *See Marsh*, 444 S.W.3d at 660.  Furthermore, appellant has not identified with this court any statute that expressly authorizes the specific appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and appellant does not have a right to appeal.

---

[1] Article 1.14(a) of the Texas Code of Criminal Procedure provides that the "defendant in a criminal prosecution for any offense may waive any rights secured him by law except that a defendant in a capital felony case may waive the right of trial by jury only in the manner permitted by Article 1.13(b) of this code." TEX. CODE CRIM. PROC. art. 1.14(a).

"The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id*. at R. 25.2(d). We previously issued an order stating this appeal would be dismissed unless an amended trial court certification was made part of the appellate record by May 24, 2024. *See id.*; *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*,110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). In response, appellant filed a letter requesting that we abate the appeal and remand to the trial court so that it may (1) consider his pro motion for new trial filed after the trial court signed its judgment; and (2) "certify that [appellant] has the right to appeal from its order denying his [pro se] motion" for new trial. In *Adams v. State*, 678 S.W.3d 301, 304 (Tex. App.—San Antonio 2023, no pet.), the appellant filed a motion to abate the appeal "so a hearing may be held by the trial court allowing [appellant] to present argument to the trial court regarding why a trial court's certification of [appellant's] right to appeal allowing an appeal of the denial of a motion for new trial is legally allowed in this case." *Id*. We denied appellant's motion and dismissed his appeal for want of jurisdiction. *Id.* at 305. We construe appellant's letter as a motion akin to the one filed in *Adams*. Under *Adams*, we deny appellant's motion.

This appeal is dismissed pursuant to Rule 25.2(d).

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH