

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00787-CR

Cassandra Guerrero **ALONZO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-008738
Honorable Benjamin Robertson, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
            Irene Rios, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: February 4, 2026

DISMISSED

In this appeal, the trial court's certification states that the criminal case, "is a plea-bargain case, and the defendant has NO right of appeal."

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides:

. . . In a plea bargain case — that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant — a defendant may appeal only:

(A)     those matters that were raised by written motion filed and ruled on before trial,

(B)     after getting the trial court's permission to appeal, or

(C)     where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).  While Rule 25.2(a)(2)(A) grants a defendant who pleads guilty as part of a plea bargain the right to appeal pretrial motions, the defendant may waive such a right, as long as the waiver is made "voluntarily, knowingly, and intelligently." *See Marsh v. State*, 444 S.W.3d 654, 660 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. art. 1.14; *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009)).[1]

The clerk's record in this appeal contains a written plea bargain, signed by appellant and his trial counsel, which provides in relevant part:

**WAIVER OF APPEAL**

I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal.  I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement.

The record shows that the punishment assessed in this case by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant.  *See* TEX. R. APP. P. 25.2(a)(2).  The only pre-trial written motion filed by appellant in the clerk's record is a motion for reduction of bond.  *See id.*; *see also Ex parte Tucker*, 3 S.W.3d 576, 576 (Tex. Crim. App. 1999) ("The appellant having been tried during the pendency of this appeal, the question of

---

[1] Article 1.14(a) of the Texas Code of Criminal Procedure provides that the "defendant in a criminal prosecution for any offense may waive any rights secured him by law except that a defendant in a capital felony case may waive the right of trial by jury only in the manner permitted by Article 1.13(b) of this code." TEX. CODE CRIM. PROC. art. 1.14(a).

his pre-trial bond is moot."). Furthermore, appellant has not identified with this court any statute that expressly authorizes the specific appeal. *See* TEX. R. APP. P. 25.2(a)(2). The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and appellant does not have a right to appeal.

"The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id*. at R. 25.2(d). We previously issued an order stating this appeal would be dismissed unless an amended trial court certification was made part of the appellate record by January 12, 2026. *See id.*; *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*,110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No such amended trial court certification has been filed.

Accordingly, this appeal is dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH